ROYER WHEEL COMPANY, Respondent, *v.* ROBERT W. FIELDING et al., Appellants.

The General Assignment Act of 1877 (Chap. 466, Laws of 1877) does not include or apply to a specific assignment by a debtor for the benefit of one or a portion of his creditors, and such an assignment is not void because not executed in compliance with the provisions of said act.

The provision of the Revised Statutes (1 R. S. 678, § 55), providing for express trusts to sell lands for the benefit of creditors, does not prohibit the grantee of an insolvent debtor from executing a mortgage to secure the payment of specific debts of the grantor in pursuance of a prior oral understanding entered into at the time of the execution of the conveyance.

A mortgage so executed is not rendered void by a provision therein requiring any surplus arising on foreclosure sale to be paid over to the mortgagor.

A member of a firm may appropriate his individual property to the payment of the firm debts, and where the firm has made a general assignment for the benefit of its creditors a conveyance by one of its members of his individual property to the assignee, to be disposed of and applied in accordance with the terms of the assignment to the payment of the partnership debts, is not *per se* fraudulent or unlawful and void.

It is not essential that such a conveyance should be executed in accordance with the requirement of the General Assignment Act.

*Roger Wheel Co.* v. *Fielding* (31 Hun, 274), reversed.

(Argued February 4, 1886 ; decided March 2, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 9, 1883, which affirmed, so far as appealed from, a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 31 Hun, 274.)

The nature of the action and the material facts are stated in the opinion.

*Joseph A. Shoudy* for appellants. The complaint should have been dismissed upon the defendant's motion, on the ground that the plaintiff had no standing in court to maintain a creditor's suit. (*Pardee* v. *De Cala,* 7 Paige, 132 ; *McElwain* v. *Willis,* 9 Wend. 560, 561 ; *Crippen* v. *Hudson,* 13 N. Y. 166 ; *Shaw* v. *Dwight,* 27 id. 244 ; *Mech. & T. Bk.* v. *Dakin,* 51 id. 522 ; *Fox* v. *Moyer,* 54 id. 125 ; *Geery* v. *Geery,* 63 id. 252, 256 ; *Adsit* v. *Butler,* 87 id. 585, 587.) The property conveyed to the appellant, James E. Fielding, was the individual property of one of the copartners, and before it could be reached for the payment of copartnership debts, an execution must have been issued and returned unsatisfied as to the copartnership property. (*Beardsley S. Co.* v. *Foster,* 36 N. Y. 565 ; *Lewisahn* v. *Drew,* 15 Hun, 468.) Copartnership debts are primarily chargeable upon copartnership property. (*Wilson* v. *Robertson,* 21 N. Y. 592 ; *Collomb* v. *Caldwell,* 16 id. 484.) The conveyances by George Fielding to his son under the agreement, though voluntary, created a trust which was capable of being enforced, and which was in·part performed by the subsequent execution of the mortgage in which both the grantor and grantee joined to secure the payment of the same creditors. (*Leitch* v. *Hollister,* 4 N. Y. 213.) There was a misjoinder of causes of action in the complaint in this action. (Code of Civ. Pro., § 484.)

*Wilson M. Powell* for respondent. As to the real estate it mattered not as to plaintiffs' lien whether the execution was in the sheriff's hands or not, and it mattered not where the execution was, so long as it had been issued and was unsatisfied. (*Geery* v. *Geery*, 63 N. Y. 252 ; *Payne* v. *Sheldon*, 63 Barb. 170 ; *Buswell* v. *Lincks*, 8 Daly, 518 ; *Adsit* v. *Butler*, 87 N. Y. 585 ; 3 R. S. [6th ed.] 590, § 55 ; Code, § 1871 ; *Mc-Elwain* v. *Willis*, 9 Wend. 549, 561 ; *Mech. Bk.* v. *Dakin*, 51 N. Y. 519, 522 ; *Nat. Bk.* v. *Mead*, 18 Hun, 303 ; *Shaw* v. *Dwight*, 27 N. Y. 244 ; *Fox* v. *Moyer*, 54 id. 125 ; *Pardee* v. *DeCala*, 7 Paige, 132.) The evidence showed an actual fraudulent intent. (*Edgell* v. *Hart*, 9 N. Y. 218 ; *Seymour* v. *Wilson*, 14 id. 569 ; *Southard* v. *Benner*, 72 id. 431 ; *Ford* v. *Williams*, id. 364 ; *Gardner* v. *McEwan*, 19 id. 125.) It can make no difference that some of the property was owned by George and Robert Fielding together ; all the transfers being tainted with the fraud of one or the other, or both, can be set aside in one action, there being but one cause of action. (*Reed* v. *Stryker*, 12 Abb. 47 ; *Fellows* v. *Fellows*, 4 Cow. 682 ; *Morton* v. *Weil*, 33 Barb. 30 ; *Boyd* v. *Hoyt*, 5 Paige, 77 ; *Newbold* v. *Warrin*, 14 Abb. 80 ; *Coleman* v. *Phelps*, 57 How. Pr. 393.) The fact that the conveyances to James E. Fielding were fraudulent is shown by the insolvency of the grantor and that the consideration is nominal. (*Morgan* v. *Potter*, 17 Hun, 403 ; *Babcock* v. *Eckler*, 24 N. Y. 632 ; *Carpenter* v. *Roe*, 10 id. 230 ; *Cole* v. *Tyler*, 65 id. 77.) The statute allows express trusts " to sell lands for the benefit of creditors," not to mortgage them for that purpose. (2 R. S. [6th ed.] 1106.) The mortgage is void for the reason that it contains a provision to render the overplus, if any there shall be, unto the said parties of the first part. (*Goodrich* v. *Downs*, 6 Hill, 438 ; *Strong* v. *Skinner*, 4 Barb. 546 ; *Barney* v. *Griffin*, 4 N. Y. 365 ; *Leitch* v. *Holister*, id. 211.)

MILLER, J. This action is in the nature of a creditor's bill, and was commenced to set aside as fraudulent :

*First.* A general assignment for the benefit of creditors,

made by the firm of Fielding Brothers, consisting of George and Robert Fielding, to the defendant Robert W. Fielding, dated November 6, 1880.

*Second.* Two conveyances of two separate pieces of land, made by George Fielding in his life-time, to his son James E. Fielding, dated November 3, 1880, for the nominal consideration expressed in the deeds of one dollar.

*Third.* A conveyance of certain real estate, dated November 15, 1880, from Robert Fielding to Robert W. Fielding as assignee for the benefit of creditors, to be held and disposed of according to the provisions of the general assignment made to him by Fielding Brothers, the consideration named in the deed being one dollar.

The court held that the general assignment was not made with intent to defraud creditors, and was valid and should be upheld. It also held that the two conveyances from George to James E. Fielding, and the one from Robert to Robert W. Fielding as assignee, were fraudulent and void, and should be set aside.

The first question that arises is as to the validity of the two deeds from George Fielding to James E. Fielding, bearing date November 3, 1880. It appears that only a nominal consideration is named in these conveyances, and that at the time of their execution, the grantor was insolvent. It is not shown that any property was retained by the grantor for the payment of his own debts, and from the facts, it is to be presumed that such was not the case. Although the property belonged to the grantor individually, and the plaintiff's judgment was against the firm of which he was a member, such judgment was a lien upon the grantor's real estate which could be enforced. The grantor and his partner were totally insolvent, and unable to pay their debts and had no other property, individually, except the three parcels of land conveyed, two to James E. Fielding, and the other to Robert W. Fielding, as assignee. The deeds showing a want of consideration, and the evidence proving the insolvency of the grantors beyond any question, under such cir-

cumstances the presumption is *prima facie* that the deeds were fraudulent. (*Erickson* v. *Quinn*, 47 N. Y. 410.)

It is claimed, however, by counsel for the appellants, that the two conveyances from George to James E. Fielding were made, and the title vested in the grantee, not to avoid the payment of his debts, but that the property might be appropriated for that purpose for the benefit of certain of his creditors, named at the time, whom the grantor supposed were entitled to a preference.

The testimony of the attorney who drew the conveyances and attended to their execution shows that such was the intention, and it is insisted that these conveyances created a trust in the grantee which could legally be enforced, and was subsequently performed in part, on the sixteenth of November, by the execution of a mortgage by the grantor and grantee, covering the real estate embraced in both deeds, to Margaret H. Frost, a creditor, for the benefit of herself and the other creditors who had been specified at the time of the execution of the deeds. This mortgage provided that after payment to the creditors named therein, on a foreclosure sale of the premises being had, the overplus, if any, should be paid to the mortgagors.

As a general rule a debtor has the right to convey property to his creditors in payment of debts which he owes, and had the deeds been directly to his (George Fielding's) creditors no valid reason exists against the legality of the mortgage. Nor do we think the fact that the mortgage was executed after the deeds to secure these creditors, in pursuance of an arrangement made at the time the deeds were executed, renders the transaction unlawful and of no effect. It is urged that it was a conveyance for the benefit of creditors made in a manner which was illegal and void and in contravention of the provision of section 2, chapter 466, Laws of 1877, which declares : " Every conveyance or assignment made by a debtor of his estate, real or personal, or both, to an assignee for the creditors of such debtor, shall be in writing, and shall be duly acknowledged before an officer authorized to take the acknowledgment of deeds, and every such conveyance or assignment shall be recorded in the

county clerk's office of the county where such debtor resided or carried on his business, at the date thereof.   *   *   *   The assent of the assignee, subscribed and acknowledged by him, shall appear in writing, embraced in or at the end of or indorsed upon the assignment before the same is recorded, and if separate from the assignment shall be duly acknowledged."

If we were confined in the interpretation of the act referred to, to this second section, it might, perhaps, be said, that it was applicable to any conveyance or assignment made by a debtor for the benefit of creditors, but this construction is too restricted if the whole act be taken and considered together.   The act relates to the assignment of debtors for the benefit of creditors; the first section provides that it may be cited for all purposes as the General Assignment Act of 1877, and the third section for the making of schedules in reference to the property assigned.

Considering the act as a general act enacted for the specific purpose named we think it must be held to relate to a general assignment for the benefit of creditors and not to a specific assignment for the benefit of one or a limited number of creditors.   It does not relate to a specific conveyance of the character of the one here presented, which is not a general assignment but a transfer of specific pieces of property in payment of certain creditors particularly named.   Such a conveyance cannot be regarded as coming within the meaning and scope of the provisions of the General Assignment Act referred to, and is not void for not conforming to its provisions.   Nor was the transaction void on the ground that it was in conflict with section 55 (1 R. S. 678), which provides for express trusts to sell lands for the benefit of creditors.   While this statute does not authorize the mortgaging of lands by an assignee to raise money to pay creditors, it contains nothing which prevents a debtor or the grantee of a debtor, in pursuance of a prior oral understanding, entered into at the time of the execution of the conveyance to him, from executing a mortgage to secure the payment of specific debts.   No trust was created by the conveyances and the mortgage for any such purpose, and hence the statute in question was not violated thereby.

Nor was the mortgage void because of the provision in the same that upon a foreclosure sale the overplus, if any, should be rendered to the parties of the first part. This is the usual clause in every mortgage upon real estate, and as here employed cannot be regarded as of the same character as if used in · an assignment of property for the benefit of creditors specially preferred, in which case it would render the assignment inoperative and void. So far as the grantor, George Fielding, is concerned it may be said that when the mortgage was executed he had no interest in the premises, having conveyed the same to James E. Fielding. It was not necessary that he should execute it, and it would have been sufficient if executed by James alone. In view of the fact that George had no interest in the premises such a provision as to him was of no consequence. So far as James is concerned, he merely acted as a trustee under the conveyance to him, and he, therefore, would have no claim to the overplus, and it would necessarily pass to the creditors of George, if any there were, individually, or of the firm of which he was a member.

We are also of the opinion that the deed from Robert Fielding to Robert W. Fielding, assignee, was valid and effectual for the purposes therein named. As we have seen, the act of 1877 relates to general assignments and not to conveyances of specific property. It does not include a transfer of individual property for the benefit of the creditors of the assignor. No reason exists why a member of a firm cannot appropriate his individual property to the payment of the debts of the firm, of which he is a member, in accordance with the provisions of the general assignment law for the benefit of creditors. The grantor here had a right to retain his individual property and it did not pass by the general assignment of the firm. No one could object to the transfer of the same to the assignee except individual creditors, and it cannot be said that such a transfer, of itself, is fraudulent and void. The assignee under the general assignment had a perfect right to receive any property which might be conveyed or assigned to him belonging to either of the partners, and in accepting such a transfer it was

not essential that the provisions of the act of 1877 should be complied with. In fact such a proceeding as making the inventory required by section 3 of said act would be entirely impracticable under such a transfer, as it may be assumed that the debtor had no other property of his own to transfer. Whether he had or not was no objection to the assignee's receiving and accepting such property as he chose to convey or pass over to him without complying with the forms required under the General Assignment Act.

We do not think the objection that the execution was not outstanding available.

No actual fraud was found by the judge upon the trial and for the reasons stated, we are of the opinion that the judgment was erroneous.

The judgment should be reversed, and a new trial granted with costs to abide the event.

All concur.

Judgment reversed.