ADOLPH SIMIS, JR., RESPONDENT, v. DWIGHT M. HODGE
AND OTHERS, APPELLANTS.

*Chattel mortgage — the effect on its validity of leaving the property in the possession of the mortgagor should be submitted to the jury — a clause in the mortgage permitting the property to remain in his possession does not invalidate it.*

In an action to recover damages for the conversion of property which was transferred by a chattel mortgage to the plaintiff to secure the sum of $556.45 owing by the Homœopathic Manufacturing Company, it appeared that the mortgage, which was duly filed in the proper clerk's office, contained a clause providing that the mortgagor was to remain and continue in the quiet and peaceable possession "of the said goods and chattels, and in the full and free enjoyment of the same," "until default be made in the payment of the said sum of money,"

being the mortgage debt. The defendants by virtue of an attachment, after the execution and filing of the mortgage, seized the mortgaged property and thereafter, having obtained judgment, issued an execution and sold it to pay the judgment.

Upon the trial the defendants requested the court to charge that by leaving the mortgaged property in the possession of the mortgagor the mortgagee made the mortgagor his agent, and if any goods were sold it made the mortgage void, and that, at least, the goods so sold should be credited on the mortgage debt.

*Held,* that neither of these requests were well founded in law.

That the question whether the mortgage was void, by reason of the possession of the mortgage property being left with the mortgagor, was a question of fact for the jury.

That the language of the mortgage did not, directly or indirectly, permit a sale by the mortgagor, nor even inferentially permit it.

Upon the trial the wife of the president of the Homœopathic Manufacturing Company was allowed to testify, against the defendants' objection and exception, that she was directed not to sell the goods after the mortgage was executed, and stated that they were all unsold.

*Held,* that the evidence was properly received; that the mortgagor could prove that none of the goods mortgaged were sold, and that he gave his clerk and employees directions to that effect, furnishing, thereafter, proof that they did not sell any of them after receiving instructions that they were mortgaged and must not be sold.

APPEAL from a judgment in favor of the plaintiff, entered in the office of the clerk of the county of Kings on April 24, 1888, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Foster L. Backus,* for the appellants.

*A. Simis, Jr.,* respondent, in person.

BARNARD, P. J.:

The Homœopathic Manufacturing Company gave a chattel mortgage to the plaintiff, a *bona fide* creditor. The defendants, by virtue of an attachment, seized the goods mortgaged, and, on an execution subsequently issued thereon, sold them to pay the judgment in the attachment action. The seizure under the attachment was subsequent to the filing of the mortgage in the proper clerk's office. The mortgage contained a clause that the mortgagor was to remain and continue in the quiet and peaceable possession " of the said goods and chattels and in the full and free enjoyment of the same," " until default be made in the payment of the said sum of money," being

the mortgage debt. The judge charged the jury that a sale of goods mortgaged without the agreement of the mortgagee, did not render the mortgage void. The defendants, therefore, requested the court to charge that by leaving the mortgaged property in the possession of the mortgagors the mortgagee made them his agents, and if any goods were sold it makes the mortgage void and, at least, the goods sold should be credited on the mortgage debt.

Neither of these requests are well founded in law. The old controversy, whether a mortgage was absolutely or only primarily void by reason of the possession of the mortgaged property being left with the mortgagors, has long been settled. (*Hastings* v. *Parke*, 22 Alb. Law Jour., 115.) It is a question of fact for the jury. The language of the mortgage given above does not directly or indirectly permit a sale by the mortgagor nor even inferentially permit. (*Frost* v. *Warren*, 42 N. Y., 204.) After default the mortgage provides for a sale of " said goods," and, " until default," that the mortgagors shall remain in the full possession and enjoyment of " the same." No abatement of the mortgaged property is hinted at ; no diminution anticipated. The entire goods are to continue until needed to perform a broken condition, if one is reached by non-payment. The exception as to the proof given by Mrs. Oson, is not well founded. She was the wife of the president of the Homœopathic Company, the mortgagors. She was directed not to sell the goods after the mortgage, and she states that they were all unsold. There is another similar exception as to another witness. A mortgagor certainly can prove that none of the goods mortgaged were sold, and that he gave his clerk and employees directions to that effect, followed by proof that they did not sell any of it after receiving instructions that it was mortgaged and must not be sold. A mortgage could not be proved in this way, but the mortgage is admitted. The clerk's action in respect to it may be explained by this instruction. In such cases the direction is part of the *res gestæ* and not *res inter alios acta*.

There is, therefore, no error which calls for the reversal of the judgment, and it should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.