ABRAM FRANK, Respondent, *v.* SARAH J. BREWER, as Executrix, etc., Appellant.

*Supreme Court, Fifth Department, General Term, October 19, 1889.*

1. *Evidence. Res gestæ.*—Letters of third persons written long prior to the controversy in question form no part of the *res gestæ* and are inadmissible.
2. *Limitation. Accommodation.*—The statute of limitations begins to run against the accommodation maker of a note only from the time of payment by him.

Appeal by the defendant from a judgment rendered upon a verdict of a jury at the Erie circuit in December, 1888.

*A. C. Calkins,* for respondent.

*Tracy C. Becker,* for appellant.

MACOMBER, J.—This action is brought to recover the sum of $125, which was paid by the plaintiff on the 3d day of June, 1880, upon a certain promissory note made by the defendant's testator and one Christian Miller, and the plaintiff. The reason for the recovery is stated to be the fact that the plaintiff was an accommodation maker only, for the benefit of the defendant's testator, Robert McClure.

These persons, Robert McClure, Christian Miller, and the

plaintiff, Abraham Frank, made a promissory note on the first day of May, 1877, in the sum of $350. The holder of the note procured judgment thereon May 10, 1878, against the makers Miller and Frank. On the 29th day of July, 1880, Frank, the plaintiff, paid on such judgment the sum of $125, being a compromise of his agreement, and was released from the judgment.

The matter of contention at the trial was whether the plaintiff had signed the note in question wholly for the benefit of Robert McClure. The evidence upon this question consists of testimony of several witnesses, and the same was submitted to the jury under an elaborate charge. Upon the testimony adduced the jury were justified in the verdict rendered by them.

The main ground of this appeal consists in the alleged error of the trial court in excluding certain letters which were written by one Conger and Robert McClure in the year 1876. There is evidence to show that at the time the controversy between the parties to this action arose these letters were produced and their contents urged against the claim of the plaintiff. While it would not have been error to receive these letters as a part of the conversation between the parties, yet, under the circumstances disclosed, their exclusion does not appear to be erroneous. They were the declarations of third persons written at a time long prior to the controversy, and could not, in any view of the case, be deemed *res gestœ.*

The only other question in the case is that of the statute of limitations. Though more than six years had elapsed between the time of the making of the note and the time of the beginning of the action, yet it was less than six years between the time of the payment by the plaintiff and the beginning of this action. It is very clear that the cause of action accrued only at the time of the payment by the plaintiff, which was July 29, 1880, and that the statute of limitations ran only from that time. Baker *v.* Cassidy, 16 Barb. 177 ; Butler *v.* Wright, 20 Johns. 367.

In the notice of appeal we observe an attempt is made to review an order of the special term allowing the plaintiff to recover costs and disbursements. The order and the papers upon which it was granted do not appear in the printed case before us. Consequently we cannot review the order. In the absence of such papers a strong presumption arises that the costs which appear in the judgment were properly awarded against the estate represented by the defendant, either upon the ground that she unreasonably resisted or neglected payment of the claim, or, that she refused to submit the same to a referee under the statute. Sections 1835 and 1836 of the Code of Civil Procedure.

The judgment and order should be affirmed, with costs.

BARKER, P. J., and DWIGHT, J., concur.

---

### NOTE ON " RES GESTÆ."

The words accompanying an act, the nature of which is the subject of inquiry, are taken as original evidence. Holcomb *v.* Campbell, 118 N. Y. 46.

The evidence as to what occurred at the time of making an instrument, is admissible as part of *res gestæ*, on an issue as to whether it is a chattel mortgage or bill of sale. Woodworth *v.* Hodgson, 59 Hun, 616.

The letters of agent are admissible as part of the *res gestæ*. Lathers *v.* Hunt, 16 Daly, 349.

The evidence of acts and declarations of the president of a corporation, which are part of *res gestæ*, is admissible. P. E. P. Co. *v.* Coursey, 57 Hun, 585.

What was said at the time of an assignment, though in the absence of defendant, is competent to show the consideration. Parshall *v.* Smith, 53 Hun, 638.

The declarations, made when a chose in action is negotiated to the person seeking to enforce it, are part of *res gestæ*. Benjamin *v.* Rogers, 126 N. Y. 60 ; reversing 57 Hun, 588.

Where the negotiation was a matter of inquiry on the direct, the number of interviews may be shown on the cross-examination as part of the transaction. Rubino *v.* Scott, 118 N. Y. 662 ; aff'g 21 J. & S. 537.

The acts and circumstances attending the preparation of the deceased's body for burial, so far as known to the defendant, are admissible. People *v.* Kief, 58 Hun, 337.

The transactions some weeks after the delivery of the note are inadmissible. Goldman *v.* Brandt, 25 N. Y. St. Rep. 864.

Where, in an action upon a life insurance policy, the company defends on the ground of a fraudulent scheme to secure a large amount of insurance and then to commit suicide, proof of a number of applications by the insured to other companies which resulted in obtaining a large amount of insurance upon his life, his letters and telegrams to relatives and friends, which were written and sent as steps in the consummation of his purpose and indicating a deliberate intent to consummate the fraud, are admissible as part of the *res gestæ.* Smith *v.* Nat. Ben. Soc., 123 N. Y. 85. His declarations, made a few months before he began to procure insurance, to the effect that he had failed to raise money, and if he could not raise it he would commit suicide, were held to be competent. Id. They indicate the origin and method of the alleged suicidal intent which grew to be the effective agency of the fraud.

Declarations made in the presence of an executor as to past transactions which are not within his personal knowledge, are not admissible as *res gestæ,* in a subsequent action to charge the estate. Davis *v.* Gallagher, 124 N. Y. 487. A declaration, in order to become part of the transaction, must be made cotemporaneously with the event sought to be proved, or else to be so closely connected with it as to become a part thereof. Id.

In an action to recover damages for fraud in inducing an exchange of farms, where plaintiff's husband acted as her agent in the transaction, evidence of what her husband informed her as to the defendents' representations, were held admissible as part of the transaction. Shumaker *v.* Mather, 60 Hun, 576.

Where the acts of parties are competent, their statements, made in connection with those acts, explaining the transaction, are also competent. Holcomb *v.* Campbell, 118 N. Y. 46. In the case cited, it was held to be proper to admit the declarations of parties to a settlement of account fixing the amount found and agreeing to its endorsement as a payment upon an outstanding mortgage.

In order to show the relations and liabilities assumed by the parties to a note, evidence of what was said at its execution is admissible. Wyckoff *v.* Wilson, 30 N. Y. St. Rep. 384.

Evidence that the assignor, shortly prior to the assignment, made false representations as to his financial condition and property to another creditor for the purpose of preventing the entry of judgments against him and securing the extension of the debt, was held, in a creditor's suit to set aside the assignment for fraud, to be admissible. First Nat. Bank *v.* Warner, 55 Hun, 120. They were in the nature of *res gestæ* declarations bearing on the question of fraud. Id. See also, Starin *v.* Kelly, 88 N. Y. 418 ; Loos *v.* Wilkinson, 110 Id. 195.

Where a deed and a purchase-money mortgage, which were given on the same day, differed in their descriptions of the property, it was held, in an action of ejectment by one claiming under the deed, that the mortgage was not admissible in evidence as part of the transaction with the deed. Burke *v.* Jackson, 57 Hun, 320.

Note on "Res gestæ."

Where an indorser of checks depends upon the ground of an alteration in their date after his indorsement, a memorandum, made by him at the time of the dates, amounts and times when such checks were payable, is not admissible in his favor as a part of the *res gestæ.* Nat. Ulster Co. Bank *v.* Madden, 114 N. Y. 280.

Proofs of loss prepared by the defendant as president of the corporation owning the destroyed property, in an adjustment with the insurance company, were held admissible as part of the *res gestæ,* on the trial of an indictment for arson, where the proof of the defendant's guilt was circumstantial. People *v.* O'Neil, 112 N. Y. 355. The term "*res gestæ*" in such sense refers to those surrounding circumstances which relate to and illustrate the principal fact, and are its necessary and usual incidents. Id.

The mortgagee, in an action between himself and a creditor of the mortgagor involving the validity of a chattel mortgage, may show that none of the goods covered by the mortgage were subsequently sold, and that the mortgagor gave his clerk and employees directions to that effect. Simis *v.* Hodge, 50 Hun, 410. But it must be followed by proof that they did not sell any of them after receiving such instructions. Id. In such case, the direction is part of the *res gestæ* and not *res inter alios acta.* Id.

The declarations of the owner of land in possession as to its boundaries, made while showing them to the surveyor who was employed by him to make a survey, and previous to any controversy concerning them, are admissible after his death as part of the *res gestæ.* Partridge *v.* Russell, 18 N. Y. St. Rep. 685.

In an action to recover damages alleged to have been caused by defendant's negligence, a party cannot support his own testimony by proof of declarations to the same effect made by him after the accident and forming no part of the *res gestæ,* to persons other than a physician in attendance upon him professionally. Kennedy *v.* Rochester C. & B. R. R. Co., 130 N. Y. 654. The rule, *it seems,* was different prior to the passage of the statute allowing parties to be witnesses. Id. The evidence of the voluntary exclamations, which are the natural concomitants and manifestations of pain and suffering are admissible, *it seems,* where they form part of the *res gestæ.* Id. Hagenlocher *v.* C. I. & B. R. R. Co., 99 N. Y. 136. But complaints, which are so far detached from the occurrence as to admit of deliberate design and of their being the product of a calculating policy on the part of the actors, cannot be regarded as part of the *res gestæ.* Id. See also, Roche *v.* Brooklyn C. & N. R. R. Co., 105 N. Y. 294.