THE UNION BANK AND ALONZO BENNETT V. ANTHONY HANISH.

*Garnishment—Payment—Release of debtor.*

1. If a garnishee wrongfully assumes to be the debtor of the principal defendant, the proceeding will not protect him against his true creditor.

    So *held*, where, after notice of the assignment of the claim, the debtor, who was garnished as the debtor of the assignor, paid the debt to the garnishee plaintiff without waiting for the issuance of a summons to show cause, claiming to be in doubt as to the *fact* of the assignment.

2. The proceeding in garnishment being absolutely void, it was immaterial whether notice of the assignment had been given or not; and the mental confusion of the debtor as to the ownership of the claim did not justify him in paying over the money in a void proceeding.[1]

---

[1] See *Pecard v. Home & Co.*, 91 Mich. 346, as to the proper course to pursue in such a case.

Error to Kent.    (Adsit, J.)    Argued October 6, 1893.
Decided November 10, 1893.  ·

*Assumpsit.*    Defendant brings error.    Affirmed.    The
facts are stated in the opinion.

*M. C. Burch,* for appellant.
*Bundy & Travis,* for plaintiffs. ·

McGRATH, J.    Defendant was indebted to the Standard
Gig Saddle Co.    That company assigned the account to
plaintiffs, who, on June 24, 1891, notified defendant of
the assignment.·    On July 13, 1891, A. commenced ·suit
against plaintiffs' assignor,· and garnished defendant.    No
summons to show cause was issued in that proceeding, but,
notwithstanding, defendant paid over the amount.    It is
conceded that the garnishment proceedings are invalid, but
it is insisted that, in view of other acts of the assignor and
assignees after notice of the assignment, defendant was in
doubt as to the fact of assignment, and that plaintiffs were
bound to dispel that doubt; otherwise they were estopped.

The proceedings in garnishment being absolutely void, it
was immaterial whether notice of the assignment had or
had not been given.    If a garnishee wrongfully assumes to
be the debtor of the principal defendant, the proceeding
will not protect him against his true creditor.    Mental
confusion as to the ownership of the claim did not justify
defendant in paying over the money in a void proceeding.
*Hebel v. Insurance Co.,* 33 Mich. 400; *Hirth v. Pfeifle,* 42
Id. 31; *Tabor v. Van Vranken,* 39 Id. 793; *Hosley v. Scott,*
59 Id. 420; *Hitchcock v. Miller,* 48 Id. 603.

The judgment is affirmed, with costs to plaintiffs.

HOOKER, C. J., LONG and GRANT, JJ., concurred.
MONTGOMERY, J., did not sit.