ARTHUR M. DODGE et al., Appellants, *v.* JESSIE McKECHNIE, as Survivor, etc., Impleaded with Others, Respondent.

1. INSOLVENCY — TRANSFER OF PROPERTY TO CERTAIN CREDITORS. In the absence of statutory restrictions an insolvent debtor has the right to sell and transfer the whole or any portion of his property to one or more of his creditors in payment of or to secure his debts, when that is his honest purpose, although the effect of the sale or transfer is to place his property beyond the reach of his other creditors and render their debts uncollectible.

2. STATUTORY RESTRICTION OF PREFERENCE. A transfer of property by an insolvent debtor to certain of his creditors for application on their debts at its full value, and not designed as or having the effect of a general assignment, is not affected by the statute (L. 1887, ch. 503) limiting preferences in general assignments.

3. VALIDITY OF TRANSFER OF PROPERTY BY INSOLVENT TO PAY ONE CREDITOR IN FULL, THE SURPLUS TO APPLY ON CLAIM OF INSOLVENT'S WIFE. The doctrine that an assignment by an insolvent of his property in trust, to pay certain specified creditors and to reconvey the residue to the debtor, without provision for the other creditors is void, does not apply to a transfer of property made by an insolvent to one of his creditors, for the satisfaction of such creditor's debt out of the property, the surplus to go to the insolvent's wife, without provision for other creditors, where it appears that the wife had a valid claim, such as that of contingent liability as indorser for her husband, that she paid the paper indorsed by her, and that the surplus of the transferred property received by her was less than the amount of her claim as indorser.

*Dodge* v. *McKechnie*, 90 Hun, 605, affirmed.

(Argued June 20, 1898; decided October 4, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered October 21, 1895, affirming a judgment in favor of defendant entered upon a decision of the court dismissing the complaint upon the merits on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Elbridge L. Adams* and *Edward Harris* for appellants. The instrument is fraudulent and void because it contains a trust for the use of the debtor's wife, to whom he was not indebted. (*Paige* v. *Willet*, 38 N. Y. 28, 31; *Griffin* v. *Barney*, 2 N. Y. 371; *Collomb* v. *Caldwell*, 16 N. Y. 484–486; *Goodrich* v. *Downs*, 6 Hill, 438; *Boardman* v. *Halliday*, 10 Paige, 230; *Crook* v. *Rindskopf*, 105 N. Y. 476, 481; 2 Big. on Fraud, § 278, note; *Delaney* v. *Valentine*, 155 N. Y. 692; *Billings* v. *Russell*, 101 N. Y. 226; *Curtis* v. *Leavitt*, 15 N. Y. 97; *Norton* v. *Matthews*, 7 Misc. Rep. 569; *Manchester* v. *Tibbetts*, 121 N. Y. 219, 222; *Carpenter* v. *Roe*, 10 N. Y. 227; *Savage* v. *Murphy*, 34 N. Y. 508; *Case* v. *Phelps*, 39 N. Y. 164; *Ginther* v. *Richmond*, 18 Hun, 232; Bishop on Assignments [3d ed.], § 105; *Brown* v. *Guthrie*, 110 N. Y. 435; *Hine* v. *Bowe*, 114 N. Y. 356; *Britton* v. *Lorenz*, 45 N. Y. 51; *Sheldon* v. *Dodge*, 4 Den. 217; *Maass* v. *Falk*, 146 N. Y. 34; *Hart* v. *Blume*, 76 Tex. 113; *Leeper* v. *Greensfelder*, 48 Ill. App. 546; *Winner* v. *Hoyt*, 66 Wis. 227; *Powell* v. *Kelly*, 82 Ga. 1; *Eskridge* v. *Abrahams*, 61 Ala. 131; *Tittle* v. *Vanleer*, 37 L. R. A. 336.)

*Henry M. Field* for respondent. The plaintiffs wholly failed to establish any fraud or fraudulent intent on the part of the debtor or on the part of the creditor. (*Tompkins* v. *Hunter*, 149 N. Y. 117.) There were no facts alleged in the complaint, or proven upon the trial, upon which any common-law fraud could be predicated, or which was sufficient to bring the facts within the statute relating to fraudulent conveyances. (*Zoeller* v. *Riley*,

100 N. Y. 102; *Losee* v. *Mathews,* 61 N. Y. 627; *Royer Wheel Co.* v. *Fielding,* 101 N. Y. 508; *Williams* v. *Whedon,* 109 N. Y. 337; *Hine* v. *Bowe,* 114 N. Y. 350; *Preston* v. *Southwick,* 115 N. Y. 146; Benjamin on Sales, 643; *Brown* v. *Guthrie,* 110 N. Y. 435; Beach on Modern Eq. Juris. §§ 797–800; *Delaney* v. *Valentine,* 154 N. Y. 692.) The instrument itself was not a general assignment, neither was it a trust deed, nor does it contain any element of trust whatever, nor did McKechnie & Co., or even Mrs. Wader, become trustee for Everett O. Wader. (*Manning* v. *Beck,* 129 N. Y. 1; *Central Nat. Bank of N. Y.* v. *Seligman,* 138 N. Y. 435; *Abegg* v. *Bishop,* 142 N. Y. 286.) The transaction in question is one which was favored by the common law, and one which has been sustained in this state. It is a general rule that statutes changing the effect of the common law will not be construed to abrogate other than the clear import which the statute requires. (*Fitzgerald* v. *Quann,* 109 N. Y. 441; *Dean* v. *M. E. R. Co.,* 119 N. Y. 541; *Karst* v. *Gane,* 136 N. Y. 321; *Woodworth* v. *Hodgson,* 35 N. Y. S. R. 964; 129 N. Y. 669; *Spaulding* v. *Keyes,* 125 N. Y. 113; *Berger* v. *Varrelmann,* 127 N. Y. 281; *Spelman* v. *Freedman,* 130 N. Y. 421.) The plaintiffs had no real standing in court to maintain this action. If any right of action existed at all, the action should have been brought in the name of all the creditors of the debtor, and not by one. (*Maass* v. *Falk,* 146 N. Y. 34.)

Bartlett, J. The plaintiffs are judgment creditors of Everett O. Wader, holding claims aggregating about $5,000, and seek in this action to set aside a transfer by Wader of certain of his property to the banking firm of McKechnie & Co. and his wife, Annie S. Wader, on the ground that it was fraudulent, and made with the intent to hinder, delay and defraud creditors.

The defendant, Everett O. Wader, prior to the 29th of May, 1889, was a lumber dealer at Canandaigua, N. Y., and McKechnie & Co. were bankers at the same place.

On that day Wader owed McKechnie & Co. $18,984, part of which was customers' paper discounted by the latter in the usual course of business and indorsed by Wader, and the remainder was represented by promissory notes made by Wader, indorsed by his wife and discounted by the bank.

The trial court found that prior to the 29th of May, 1889, McKechnie & Co. had been demanding further security of Wader, and the latter was being pressed by other creditors. On the 29th of May, 1889, Wader executed and delivered to McKechnie & Co. an instrument in writing, reading as follows :

" Know all men by these presents, that I, Everett O. Wader, of Canandaigua, N. Y., for and in good and lawful considerations to me in hand paid, the receipt whereof is hereby acknowledged, by James McKechnie, Jessie McKechnie and Alfred Denbow, of Canandaigua, N. Y. (composing the firm of McKechnie & Co.), and by Annie Sherwood Wader, also of Canandaigua, N. Y., have sold, assigned, transferred and set over, and by these presents do sell, assign, transfer and set over unto said McKechnie & Co., and to their survivors or assigns and to said Annie S. Wader and to her heirs and assigns, in the manner hereinafter stated, my personal property as follows, to wit: All my stock of lumber of all kinds and descriptions, timber, lath, shingles, sewer pipe, ladders, posts and chimney pipe, the same being all I have as kept and stored in and upon and about what is known as the Sherwood Lumber Yard in Canandaigua, on the west side of Bemis street, and to have and to hold unto said parties of the second part in manner as follows : The said McKechnie & Co., out of the first proceeds of the sales of said lumber yard and personal property herein described and sold sufficient to repay and reimburse them for any and all moneys due or to grow due from me to them as it now exists, being $18,984 with interest added, that is, any balance not otherwise paid, and then said Annie S. Wader to have and receive all the remainder and surplus, it being understood by and between the parties of the second part thereto, that McKechnie & Co. shall

have the paramount right and power in every way to manage, control, sell and dispose of and give to the purchaser or purchasers good title thereto.   *   *   *

"In witness whereof I have hereunto set my hand and seal this 29th day of May, 1889.

"EVERETT O. WADER.      [SEAL.]

"In the presence of H. M. FIELD."

This is the transfer attacked by the plaintiffs.

It is found that during the summer and autumn of 1889 McKechnie & Co. realized from the sales of this property about $7,000; that the business paper, amounting to about $6,000, was paid by the makers thereof, and that the balance of the indebtedness, about $5,000, being Wader's notes indorsed by his wife, was paid by Mrs. Wader on or about December 23rd, 1889, and McKechnie & Co. turned over to her the balance of the property unsold by a written instrument and surrendered to her the paid notes.

There is no evidence that any surplus remained in Mrs. Wader's hands after she was reimbursed as indorser, while there is some evidence tending to show the contrary. The existence of a surplus will not be presumed.

It was further found, upon ample evidence, that the transfer of property was honestly and fairly made for the sole purpose of securing and paying to the firm of McKechnie & Co. the honest debts due from Wader, and for the further purpose of protecting and securing Wader's wife from any liability then existing as indorser of her husband's paper held by McKechnie & Co.

Also that McKechnie & Co. did not know at the time of the transfer that Wader was indebted to the plaintiffs, and that the instrument was not executed to hinder, delay or defraud them.

Also that Wader was insolvent when the instrument was executed, and that McKechnie & Co. took immediate possession of the property on the 29th of May, 1889.

After finding these facts, and others not necessary to be considered, the trial court held that the instrument of transfer

was a bill of sale to secure and pay the bank and Mrs. Wader, and dismissed the complaint.

Wader and wife did not answer, as they were protected by stipulation from costs, and the survivor of the banking firm defended this action, which was not begun until May, 1894.

The plaintiffs make two principal points: (1) That the transaction of May 29th, 1889, was in effect a general assignment for the benefit of creditors, with a preference forbidden by the statute; (2) that the instrument is fraudulent and void, because it contains a trust for the use of the debtor's wife, to whom he was not indebted.

The claim that the transfer was designed as a general assignment for the benefit of creditors cannot be sustained, as it is wholly unsupported by evidence, and the remaining question is whether there was a trust for the debtor's wife, to whom he was not indebted.

The facts in this case are undisputed, and it is difficult to understand how it can be maintained, in the face of them, that Mrs. Wader was the beneficiary under a fraudulent trust, by which she was to receive the surplus after McKechnie & Co. were paid, her husband being in no way indebted to her, and the creditors thereby wronged and defrauded.

It is not denied that Mrs. Wader was the indorser of her husband's paper to the amount of $5,000, upon which she was contingently liable at the time of the transfer, nor is it disputed that she subsequently, and before receiving the surplus, paid the paper as such indorser.

It is true that there is no evidence that Wader was indebted to his wife in addition to her contingent liability as indorser, but the existence of that obligation was a good and valuable consideration for the instrument of transfer, so far as Mrs. Wader was concerned.

We have here a transfer that was honestly and fairly made to secure and pay lawful debts to the bank and Mrs. Wader.

Furthermore, we have property transferred that sold for enough to pay the bank, and the balance transferred to Mrs. Wader was insufficient to satisfy her claim as indorser.

It is true there is no finding as to the value of the property transferred to Mrs. Wader by the bank, but Wader swore as a witness for plaintiffs that the property so set over to Mrs. Wader was worth about $700.

. It is also the fact, as already pointed out, that plaintiffs failed to prove that there was any surplus after Mrs. Wader was paid.

The plaintiffs' claim is that the instrument of transfer vesting the surplus in Mrs. Wader rendered it void *ab initio,* and that the question of surplus or no surplus is immaterial. In support of this proposition is cited *Barney* v. *Griffin* (2 N. Y. 365), and similar cases.

These cases hold that an assignment by an insolvent of his property in trust, to pay certain specified creditors and to reconvey the residue to the debtor, without provision for the other creditors, is void.

No such result was contemplated or accomplished in the case at bar.

The transfer now attacked was to secure and pay honest debts, and no proof was offered that the property conveyed, which was properly disposed of, exceeded in value the amount of the indebtedness.

We have already pointed out that there is no evidence to show that Wader contemplated a general assignment, so that the transfer sought to be set aside is not affected by the statute limiting preferences which amended the General Assignment Act of 1877. (Laws 1887, ch. 503.)

This court has very recently in *Tompkins* v. *Hunter* (149 N. Y. 117) considered this precise question and restated the doctrine of the common law, which has never been departed from in this state, that in the absence of statutory restrictions an insolvent debtor has the right to sell and transfer the whole or any portion of his property to one or more of his creditors in payment of or to secure his debts, when that is his honest purpose, although the effect of the sale or transfer is to place his property beyond the reach of his other creditors and render their debts uncollectible. (*Murphy* v. *Briggs,* 89 N.

Y. 446, 452; *Knapp* v. *McGowan*, 96 N. Y. 75, 86; *Remington Paper Co.* v. *O'Dougherty*, 36 Hun, 79; affirmed, 99 N. Y. 673; *Williams* v. *Whedon*, 109 N. Y. 333, 337; *Citizens' Bank* v. *Williams*, 128 N. Y. 77.)

The learned counsel for the appellants, confronted by this principle, has endeavored, with much ability, to distinguish the case before us from such a transfer as is permitted, but has failed to do so.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.