## JACOBSON *v.* NEWMAN.

1. GARNISHMENT—ASSIGNMENT OF CLAIM AGAINST GARNISHEE—NOTICE.

To save himself from double liability, garnishee was required to give notice of assignment of claim against him, although he received notice after service of garnishee summons.

2. SAME.

Where garnishee was notified of assignment of judgment debtor's claim against him after he had been served with summons in garnishment, his payment to judgment creditor's attorney without judgment in garnishment against him is no defense to action by assignee of judgment debtor's claim against him (3 Comp. Laws 1929, § 16209).

3. ASSIGNMENT FOR BENEFIT OF CREDITORS.

Specific assignment for benefit of one or limited number of creditors is valid.

4. Same—When Assignment May be Attacked.
     Assignment for benefit of certain creditors may be attacked only
        as fraud upon creditors and at suit of creditors.

Error to Wayne; Richter (Theodore J.), J. Submitted April 28, 1931. (Docket No. 126, Calendar No. 35,185.) Decided June 1, 1931.

Assumpsit by Harry Jacobson and others, as assignees, against Aaron Newman upon a book account. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Grosner & Burak,* for plaintiffs.

*Benjamin B. Stepsay* and *Aaron Droock,* for defendant.

Fead, J. Defendant owed M. Fiol, of New York, $210.75. Defendant's brother Meyer sued Fiol in justice's court in Detroit and garnisheed defendant. Five days later, defendant was served with notice that Fiol's claim against him had been assigned to plaintiff, who resides in New York. Two days later he filed disclosure admitting the indebtedness and gave notice that plaintiff claimed the fund. Meyer took judgment against Fiol, and, thereafter, without judgment in garnishment against defendant, the latter paid Meyer's attorney the amount. The assignment had been executed some months before. This suit is by the assignee on the original debt.

Defendant pleaded the garnishment in bar. To save himself from double liability he was required to give notice of the assignment, although received by him after service of garnishee summons. *Tabor* v. *VanVranken,* 39 Mich. 793; *Metz Manfg. Co.* v. *Holbeck,* 247 Mich. 241. For several reasons, de-

fendant's payment to Meyer's attorney did not constitute a defense to action by the assignee. *Stone* v. *Dowling,* 119 Mich. 476; *Button* v. *Trader,* 75 Mich. 295; *Union Bank* v. *Hanish,* 97 Mich. 404; 3 Comp. Laws 1929, § 16209.

Defendant claims the assignment was invalid because not in conformity with the laws of New York governing general assignments for the benefit of creditors. Fiol compromised with certain of his creditors and assigned his book accounts in trust for their benefit. He retained some property and had other creditors. A "specific assignment for the benefit of one or a limited number of creditors" is valid. *Royer Wheel Co.* v. *Fielding,* 101 N. Y. 504 (5 N. E. 431); *Dodge* v. *McKechnie,* 156 N. Y. 514 (51 N. E. 268); *Warner* v. *Littlefield,* 89 Mich. 329.

Moreover, the assignment may be attacked only as a fraud upon creditors and at suit of creditors. *Knower* v. *Central National Bank,* 124 N. Y. 552 (27 N. E. 247, 21 Am. St. Rep. 700); *Butler* v. *Wendell,* 57 Mich. 62 (58 Am. Rep. 329).

The other assignments of error discussed in defendant's brief are without merit and need no elaboration. Those not discussed are not considered.

Judgment affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.