This action was brought to recover damages for an injury received by the plaintiff from the alleged negligence of the defendant. On the trial, after the injury and the circumstances under which it occurred, and the condition of the plaintiff thereafter had been proved, one of her witnesses was asked the following question: "What expressions did she (the plaintiff) make, or what manifestations, showing that she suffered pain?" This was objected to, as immaterial and incompetent and the objections were overruled, and the witness answered: "Why, you could not lift her, nor do any thing with her, because she had such a pain in that foot." This question was then asked: "How did she manifest that?" To which the same objections were made, which were overruled, and an exception was taken by the defendant. The witness answered: "She screamed; and the foot was so sore that even the sheet could not touch it, and it was very much swollen." It is now claimed that the trial judge erred in permitting the last question to be answered, and the witness to state that the plaintiff manifested pain by screams. Screaming, or some similar exclamation, is the natural language of pain in all men, and in all animals as well. It usually, and almost invariably, accompanies intense pain; and hence, such exclamations have always been received as competent evidence, tending to show suffering. And it is said to be original evidence. (Greenl. on Ev., § 102; Caldwell v. *Page 138 Murphy, 11 N.Y. 416; Werely v. Persons, 28 id. 344;Matteson v. N.Y.C.R.R. Co., 35 id. 487.) While the necessity for the reception of such evidence is not so great since parties have been permitted to be witnesses in their own behalf as it was before, yet, the rule allowing such evidence has not been abrogated, and it must still have operation. The person injured may be dead, or, for some reason, unable to testify; and in such cases, certainly, the necessity for the reception of such evidence exists now as formerly. Although the injured person is a witness and testifies at the trial, the exclamations of pain made by such person may be proved and used to corroborate other evidence, and to give a more particular or vivid description of his or her condition. If evidence of the exclamations which are the natural concomitants and signs of pain and suffering were excluded, in many cases a party testifying, as a witness in his own behalf, would be deprived of that corroboration of his evidence to which he is justly entitled. Evidence may be given that a person appeared to be in great agony; was emaciated; looked haggard and feeble, and why not that he screamed from pain? Whether such exclamations were real or feigned, is always to be determined by the jury; and hence, it is a very safe species of evidence to be received. So, too, the absence of such exclamations, with other appearances, may be proved as a circumstance bearing upon the question of suffering.
There was no error in allowing the evidence, and the judgment should be affirmed, with costs.
All concur; DANFORTH, J., in result.
Judgment affirmed.