Pratt, J.
This action was brought to recover $10,000 upon an accidental policy of insurance issued to one Edward M. Madden, now deceased, on the 24th of October, 1879. The issues upon the trial were, first, was the statement made by the said Madden in his application as to his habits true, and, second, did he die from the effects of his injuries received on the 26th of June, 1885 ?
As to the first issue, a wide range of investigation was allowed both parties, and the evidence was sharply conflicting. There was, however, sufficient evidence upon either side to sustain a verdict of a jury. As to the second issue, there was a clear preponderance of evidence in favor of the plaintiff. The verdict must stand unless some error was committed upon the trial to the prejudice of the defendant.
The denial of defendant’s motion to adjourn the cause on account of the absence of the witness Ridgway,.was not, *101 under all the facts, error. Ridgway was a foreign witness, and the facts proposed to be proved by him could be abundantly established by other witnesses residing within the jurisdiction.
Such a motion rests largely in the discretion of the court, and if both sides are heard and the discretion is wisely and fairly exercised, the ruling will not be disturbed by an appellate court. Under all the facts it is clear there was no abuse of discretion in „ denying the motion. The witness Lewis was also a foreign witness and knew nothing of the facts of the case, but was desired to be used by defendant as an expert.
We see nothing in the application which would have justified the court in granting the motion on account of the absence of this witness. Tribune Association v. Smith, 8 Jones and Spencer, 251; 7 Cow. 369, 390.
The question put to witness Dorrence, “Did Mr. Madden relate about the accident,” etc., was improper, but the defendant was not prejudiced thereby, as the question was immediately withdrawn and the answer stricken out; besides, the witness did not disclose anything that Madden said, and the most it proved was that Madden talked about the accident.
That there was an accident was established beyond question. The case fully shows that the question and answer did not prejudice the defendant.
The exceptions taken to proof of declarations made by Madden at the time of the accident and growing out of it, were not well taken. The circumstances leading up to the disaster, and immediately following it, were part of the res gestae and Were competent proof. Matteson v. N. Y, C. R. R., 35 N. Y., 487.
The issue was whether Madden died from accident, hence, his declarations to explain the nature, quality and character of the facts constituting the injury, were all competent. The symptoms, as they appeared, such as complaining of pain in certain localities, or the paralysis of certain parts; all were proper subjects for the ¡jury to consider in determining this issue. Extreme pain in, or paralysis of a certain part of his body, was a part of the necessary history of the case, and had a tendency to prove the effects of the injuries he had received. Casey v. N. Y. Central Railroad, 78 N. Y., 58; Curth v. Pike, 3 Cush. (Mass.). 181; Hagenlocher v. C. I. and B. M. R., 99 N. Y., 136.
The _ exception to proof as to the physical and mental condition of Madden just prior to his injury, was ineffectual. It is obvious that this testimony was competent to rebut the defendant’s answer, which set forth that Madden had been suffering from aggravated physical infirmities *102 just prior to the injury, and to show that something intervened to strike him down. The testimony was calculated to show that Madden was in a fair condition of physical and mental vigor at the time of the accident, as opposed to the theory, as claimed by the defense, that he was a confirmed invalid and debauchee.
We have examined the other exceptions, but find none that require comment.
The case seems to have been fully and fairly tried, an unexceptionable charge given, and a verdict rendered which is fully sustained by the-proofs.
The judgment must therefore, be affirmed with costs.
Barnard and Dykman, JJ., concur.