ELLA J. T. ROCHE, Respondent, v. THE BROOKLYN CITY AND NEWTOWN RAILROAD COMPANY, Appellant.

In an action to recover damages for alleged negligence causing a personal injury, declarations of the party injured, made some time after the injury, simply to the effect that he is suffering pain, when not made to

a physician for the purpose of professional attendance, are not competent as evidence.

So also, *held*, where at the time of making the declarations the plaintiff showed her arm, which had received the injury, and it was swollen and red.

*It seems* that the rule is different as to groans, screams or exclamations indicative of pain.

*Reed* v. *N. Y. C. R. R. Co.* (45 N. Y. 574), distinguished.

(Argued March 14, 1887 ; decided April 19, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made September 9, 1884, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries received by plaintiff while a passenger on one of defendant's cars, and alleged to have been caused by defendant's negligence.

The facts, so far as material to the questions discussed, are stated in the opinion.

*Samuel D. Morris* for appellant. The court erred in allowing the witness McElroy, who was not an expert, to testify as to the condition of plaintiff's arm and as to what she said about it. (*Caldwell* v *Murphy*, 11 N. Y. 419 ; *Werely* v. *Persons*, 28 id. 344.)

*Geo. W. Roderick* for respondent. A verdict for damages in an action for a tort will not be set aside as excessive, unless it manifestly appears to be the result of passion, partiality, prejudice or corruption, although it appears to the court to be much too large. (*Munich* v. *City of Troy*, 19 Hun, 253, 258 ; *Bierbaur* v. *R. R. Co.*, 15 id. 464 ; *Gale* v. *R. R. Co.*, 13 id. 1 ; *Peck* v. *N. Y. C. R. R. Co.*, 8 id. 285 ; *Coleman* v. *Southwick*, 9 Johns. 51, 52.) The questions put to the witness McElroy did not call for mere opinions, but for facts, *i. e.*, the extent of the inflammation and swelling of plaintiff's arm, which he knew from observation of it, and were properly

allowed. *Hagenlocher* v. *C. I. R. R. Co.*, 99 N. Y. 136.) In the propounding of hypothetical questions to medical experts, it is the privilege of counsel to assume within the limits of the evidence any state of facts which he claims the evidence justifies, and to have the expert's opinion upon the facts thus assumed. (*Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 42.)

PECKHAM, J. The only question in this case arises upon the admission of the testimony of a third party that the plaintiff, some days after the happening of the accident which caused her injury complained that she was suffering pain in her injured arm  The witness did not testify that on these occasions the plaintiff screamed or groaned or gave other manifestations of a seemingly involuntary nature and indicative of bodily suffering, but he proved simple statements or declarations made by plaintiff, that she was at the time of making them suffering pain in her arm. The plaintiff was herself sworn and proved the injury and the pain. The condition of the arm the night of the accident was also proved, that it was very much swollen and black all around it, and subsequently red and inflamed, and continued swollen and inflamed more or less for a long time.

The defendant challenges the evidence of complaints of pain thus made on the ground that it was incompetent, and the argument made was that the evidence as to the injury and its extent could not be thus corroborated by mere hearsay.

Prior to the time when parties were allowed to be witnesses the rule in this class of cases permitted evidence of this nature. (*Caldwell* v. *Murphy*, 11 N. Y. 416; *Werely* v. *Persons*, 28 N. Y. 344.)

These cases show that the evidence was not confined to the time of the injury or to mere exclamations of pain. The admissibility of the evidence was put in the opinion of judge DENIO, in 11 New York, *supra*, upon the necessity of the case as being the only means by which the condition of the sufferer as to enduring pain could in many instances be proved.

Substantially the same class of evidence was admitted in

England and for the same reason. (See cases cited in 11 N. Y.) In Massachusetts, too, the same rule was applied. (*Bacon* v. *Charlton*, 7 Cush. 581; cited and approved in *Roosa* v. *Boston Loan Co.*, 132 Mass. 439.) After the adoption of the amendment to the Code permitting parties to be witnesses, the question under discussion was somewhat mooted in *Reed* v *N. Y. C. R. R. Co.* (45 N. Y. 574) by Allen, J., in the course of his opinion, although the precise point was not before the court. The question there under discussion was as to the correctness of permitting the plaintiff to prove his declarations made at the time when he was doing some work, to a third person, as to the state of his health. That is not exactly like the case of complaints made, not as to a state of health, but as to a then present existing pain at the very spot alleged to have sustained injury and proved so by other evidence; still, the remarks of Judge Allen on this kind of evidence in general, bear strictly upon the matter herein discussed. He reviewed in his opinion some of the above cases and others, and claimed that the courts had admitted the evidence from the necessity of the case as being the only method by which the condition of the party could be shown fully and completely, not only as to appearances but also as to suffering. But there was no agreement by the court upon that branch of the case, the judgment going upon another ground.

The case of *Hagenlocher* v *C. I. & B. R. R. Co.* (99 N.Y. 136), decides that even since the Code, evidence of exclamations indicative of pain made by the party injured is admissible. The case does not confine proof of these exclamations to the time of the injury.

The question was asked of the plaintiff's mother: "How long after injury was your daughter confined in the bed? A. She was for about four weeks. Q. What expressions did she make or what manifestations showing that she suffered pain?" This shows there was no confinement of the evidence to the time of the injury. The evidence given, however, was of screams when the plaintiff's foot was touched, and of her

exclamations of pain whenever the sheet was permitted to touch the foot. The evidence was permitted on the ground that it was of a nature which substantially corroborated the plaintiff, as to her condition.

Having thus admitted evidence of this kind since the adoption of the Code amendment permitting parties to be witnesses, the question is, whether there is such a clear distinction between it and evidence of simple declarations of a party that he was then suffering pain, but giving no other indications thereof, as to call for the adoption of a different rule. It seems to us that there is. Evidence of exclamations, groans and screams is now permitted more upon the ground that it is a better and clearer and more vigorous description of the then existing physical condition of the party by an eye-witness than could be given in any other way.

It characterizes and explains such condition. Thus in the very last case cited, it was shown that the foot was very much swollen and so sore that the sheet could not touch it. How was the condition of soreness to be shown better than by the statement that when so light an article as a sheet touched the foot the patient screamed with pain ? It was an involuntary and natural exhibition and proof of the existence of intense soreness and pain therefrom. True it might be simulated, but this possibility is not strong enough to outweigh the propriety of permitting such evidence as fair, natural and original and corroborative evidence of the plaintiff, as to his then physical condition. Its weight and propriety are not therefore now sustained upon the old idea of the necessity of the case. But evidence of simple declarations of a party made some time after the injury and not to a physician for the purpose of being attended to professionally, and simply making the statement that he or she is then suffering pain, is evidence of a totally different nature, is easily stated, liable to gross exaggeration and of a most dangerous tendency while the former necessity for its admission has wholly ceased.

As is said by Judge ALLEN in *Reed* v. *N. Y. C. R. R. Co.* (*supra*) the necessity for giving such declarations in evidence

where the party is living and can be sworn, no longer existing, and that being the reason for its admission; the reason of the rule ceasing, the rule itself, adopted with reluctance and followed cautiously, should also cease. With the rule as herein announced there can be no fear of a dearth of evidence as to the extent of the injury and the suffering caused thereby. The party can himself be a witness if living, and if dead, the suffering is of no moment as it cannot be compensated for in an action by the personal representative under the statute, and the exclamations of pain, the groans, the sighs, the screams can still be admitted. But we are quite clear that the bald statement made long after the injury by the party that he suffers from pain ought not to be admitted as in any degree coroborative of his testimony as to the extent of his pain.

For these reasons the evidence of Mr. McElroy as to the plaintiff's declarations of existing pain when they were walking in the street together long after the accident, should not have been received. It was error also to permit the same witness to prove declarations of the plaintiff that her arm pained her very much even though at the same time she showed her arm and it was swollen and red. The appearance of the arm he could describe, but her declaration that it pained her very badly is mere hearsay and should not have been permitted.

The judgment of the General Term and Circuit should be reversed and new trial granted, costs to abide event.

All concur, except DANFORTH, J., dissenting.

Judgment reversed.