FREDERICK C. LEWKE, RESPONDENT, *v.* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, APPELLANT.

*A juror in an action to recover damages for an injury, incompetent by reason of bids towards an expert witness — Code of Civil Procedure, sec. 1166 — testimony as to complaints of pain made by a person immediately after receiving the injury complained of.*

Upon the trial of this action, brought by the plaintiff to recover damages for injuries sustained because of the negligence of the defendant in running him down with one of its street cars, a juror, in answer to questions put by the plaintiff's counsel, testified, in substance, that his life had been saved by a physician who was expected to, and subsequently actually did, take the stand as an expert witness in behalf of the defendant, and that he would place more faith in the opinion of that witness than in the opinion of any other doctor who might testify, if a difference should arise between them. On his cross-examination by the defendant he testified that he would try to act according to his conscience, and was capable of doing so, and he thought he could take the testimony of the other doctor into consideration.

*Held,* that he was properly excluded from the jury.

*Hildreth* v. *The City of Troy* (101 N. Y., 234) distinguished.

A grocer, whose store was in the immediate vicinity of the place where the plaintiff was hurt, testified that the plaintiff was picked up from the spot where he received the injury, and that the plaintiff then came to his store and the witness noticed the condition of his clothes, and that his left leg seemed to be swelling; that the plaintiff, at that time, complained of pain and said he had pains in his leg.

*Held,* that this testimony as to the complaints made by the plaintiff was properly admitted.

*Hagenlocher* v. *Coney Island Railroad* (99 N. Y., 136) followed; *Roche* v. *The Brooklyn City and Newton Railroad Company* (7 Central Rep., 702) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*John M. Scribner,* for the appellant.

*Henry Schmitt,* for the respondent.

BARTLETT, J.:

This is an action to recover damages for injuries caused by negligence of the defendant in running down the plaintiff with one of its horse cars on a street in the city of New York.

But three points require consideration in disposing of the present appeal. At the beginning of the trial after the plaintiff had exhausted his peremptory challenges, one John Henry Lovely was called as a proposed juror. This gentleman, in answer to questions by the plaintiff's counsel, said that he knew Dr. Nichols of East Broadway, a physician who had attended him over three months for typhoid fever; that he thought he would give the doctor's testimony more credence than he would if he was a stranger, because he had great faith in him; that Dr. Nichols had brought him through a very serious case, and he would have more faith in him than any other doctor; that if there was a conflict between him and any other doctor he would place more credence in his testimony; that he, the witness, thought that he was at the point of death when Dr. Nichols cured him; and that he would like to be excused. At this point the plaintiff's counsel said he was willing to excuse the juror, but the counsel for the defendant objected to having the juror excused, and his examination was resumed as follows, after the defendant's counsel had admitted that Dr. Nichols would be called as a witness for the defendant upon the trial :

Q. Do you think you could render an impartial verdict on the evidence in this case if Dr. Nichols was called and he contradicted a doctor called on behalf of the plaintiff ? A. I would try to act according to my conscience.

Q. But do you think you could do it ? A. I am capable of doing so.

Q. Do you think your mind would be influenced at all by your previous acquaintance with Dr. Nichols and your knowledge of him as a physician, if there was a conflict of evidence between him and a doctor for the plaintiff as to the extent of the plaintiff's injury ? A. I would certainly place a good deal of confidence in what Dr. Nichols would say, but still, at the same time, I think I could take the testimony of the other doctor into consideration also.

Q. But if there was a difference of opinion between them, would you undoubtedly believe in Dr. Nichols ? A. I think I would. If there was a difference of opinion I would place more faith in Dr. Nichols.

The trial judge held that the proposed juror was disqualified and ordered him to stand aside, to which ruling and decision an exception was taken by the defendant. It is argued that the exclusion of this

juror was error, for which a new trial ought to be granted. And to sustain this point reliance is placed upon the case of *Hildreth* v. *The City of Troy* (101 N. Y., 234). That was a negligence suit against the city, in which the trial judge held that residents and taxpayers in the municipality were disqualified to act as jurors, and in which the Court of Appeals reversed the judgment on the ground that the qualifications of jurors were prescribed by law, and the court could neither add to them nor detract from them. The present case is quite different. Here there was no attempt to exclude any class of persons, or any person because he belonged to a particular class, but the proposed juror was held to be disqualified simply because it appeared that he was unable to act impartially in the case about to be tried. While the statute requires that the first twelve persons who appear as their names are drawn and called, and who are not discharged or excused, must be sworn as the jury, it also provides that they must be " approved as indifferent between the parties." (Code Civ. Pro., § 1166.) The trial judge simply decided that Mr. Lovely was not indifferent between the parties ; and if he was right in this conclusion, no error was committed. The testimony of the proposed juror leaves no doubt in my mind on the subject. He believed that his life had been saved by the physician who was to be called, and who actually did take the stand, as an expert in behalf of the defendant in the course of the trial, and the proposed juror distinctly declared that he would place more faith in the opinion of that witness than in the opinion of any other doctor who might testify, if a difference should arise between them. This statement showed that the juror, when called upon to determine the case, would have been influenced to some extent, at least, not by what he heard and observed in the course of the trial, but by knowledge concerning the character, ability and qualifications of an expert witness, which knowledge had previously been acquired, from sources not accessible to his fellow jurors. In other words his verdict would have been affected favorably to the defendant by facts not in proof. It seems very plain that a man who occupies such an attitude towards an important witness in behalf of one of the litigants in a cause, does not stand indifferent as between them.

In the second place, the defendant complains of the admission of the plaintiff's evidence respecting his income from his business, on

the ground that the plaintiff was not engaged in any regular employment, at a regular salary or any fixed income at the time of the accident, but was running a shop of his own as a coach and carriage painter, and that his income necessarily was derived not only from his personal labor but from his invested capital. A careful examination of all the testimony of the plaintiff on the subject of his earnings, shows that some small portions of it may have been objectionable on this ground, but most of it was properly received, that is to say, the questions which called it out were unobjection- able. Furthermore, at the conclusion of the evidence on both sides, the plaintiff's counsel moved to strike out the testimony given by the plaintiff, which related to income from his shop, and the court not only granted the motion and struck out the testimony, but subsequently expressly charged the jury that the earnings in his shop did not form a basis for the computation of damages, and that they must disregard any evidence which had been stricken out of the case. While it is true that, in many cases, the mischief done by the erroneous admission of evidence cannot be repaired, either by striking it out or by directing the jury to disregard it, the error, if any, was so slight in this instance that it cannot have affected the verdict. It was corrected by clear and positive instructions which were presumably followed by the jury. ( *Vide Pennsylvania Company* v. *Roy*, 102 U. S., 451–459.)

The third and last point which demands consideration is the alleged error in receiving proof that the plaintiff complained of pain, and said he had pain in his leg immediately after the accident. The testimony to this effect was given by a grocer whose store was in the immediate vicinity of the place where the plaintiff was hurt. This witness saw the plaintiff picked up from the spot where he received the injury. The plaintiff then came to his store and the witness noticed the condition of his clothes, and that his left leg seemed to be swelling. It was at this time that he complained of pain in the limb. In the case of *Roche* v. *The Brooklyn City and Newtown Railroad Company* (7 Central Rep., 702), the Court of Appeals recently decided that it was error to receive evidence as to the plaintiff's declaration of existing pain some days after the injury which was the subject-matter of the suit. It is competent, how- ever, to prove exclamations of the injured party indicating that he

is suffering pain in the part said to have been injured, not only at the time of the accident but even afterwards. (*Hagenlocher* v. *Coney Island, etc., Railroad*, 99 N. Y., 136.) And it would seem that the complaint in the present case, made so soon after the accident, and while the plaintiff's injured leg was visibly swelling, was so closely allied to mere exclamation as to justify the reception of the evidence. There are no other exceptions in the case requiring notice.

The judgment and order appealed from should be affirmed with costs.

Van Brunt, P. J., and Daniels, J., concurred.

Judgment affirmed with costs.