MARY J. KENNEDY, Respondent, *v.* ROCHESTER CITY AND
BRIGHTON RAILROAD COMPANY, Appellant.

*Court of Appeals, December 1, 1891.*

1. *Evidence. Declarations.*—A party cannot support his own testimony as
   to injury, in an action for negligence, by proof of his own declarations
   to the same effect made to persons other than a professionally attend-
   ing physician, unless they form part of the *res gestœ.*
2. *Same. Res gestœ.*—Such declarations do not form part of the *res gestœ,*
   if they are so far detached from the occurrence as to admit of deliberate
   design and be the result of calculating policy.

Appeal from a judgment of the general term of the
supreme court, fifth department entered on an order affirm-
ing a judgment in favor of the plaintiff at circuit.

*Thomas Raines,* for appellant.

*P. Chamberlain, Jr.,* for respondent.

PARKER, J.—The judgment under review awards damages
to the plaintiff for injuries sustained as a result of a fall
from the platform of one of defendant's street cars, and
occasioned, as she alleges, by the negligent conduct of the
person in charge of the car, which eventuated in its starting
with a " sudden jerk " as she was getting on.

The appellant assigns for error, among other rulings
properly presented by exception, that which permitted a
sister of the plaintiff to testify to declarations of the plain-
tiff respecting her sufferings. The questions complained of
and the answers thereto are as follows:

Q. State when she came home did she complain at all?
A. Yes, sir.

Q. State what she complained of? Defendant's counsel objected as incompetent; received and exception. A. Complained of her side and head; pain in her head and side and didn't get much sleep all night, and then the next morning when she got up she thought she would be able to go to work.

Again the witness was interrogated with reference to the plaintiff's appearance during her illness, and after testifying that she was pale around the mouth and eyes, she was asked:

Q. Did you notice those? A. Yes, sir; I noticed her eyes; they were dark, and she always complained of a numbness right up her side, and she had kind of a prickling, sharp pain, and then she suffered considerable pain in her back. Defendant's counsel moved to strike out the evidence that she said she had numbness and prickling pain in her side, as incompetent.

Q. Did she say that when you observed evidences of distress; what was her condition when she made that remark; did she appear to be in distress? A. Yes, sir. Motion to strike out denied and objection overruled and exception.

While evidence of the character of that under consideration was admissible prior to the statute allowing witnesses to be parties, it is now definitely settled that a party cannot support his own testimony by proof of declarations to the same effect made to persons other than a physician who is at the time in attendance professionally. Roche *v.* Brooklyn City & Newton R. R. Co., 105 N. Y. 294; 7 St. Rep. 361. Evidence of exclamations which are natural concomitants and manifestations of pain and suffering are still admissible because regarded as involuntary and natural expressions which a witness may describe for the same reason that he may the appearance of the party. Hagenlocher *v.* C. I. & B. R. R. Co., 99 N. Y. 136. Here as in Roche's case the witness testified not to involuntary exclamations indicating pain, but to answers given to questions asked. But it is urged

that in Roche's case the objectionable evidence related to conversations occurring several weeks after the injury, while here they occurred within a few hours.

There is no imaginary line somewhere between a few hours and a few days, or a few weeks, on one side of which declarations in favor of a party are admissible in evidence, while on the other they are inadmissible.

Unless such complaints form a part of the *res gestœ* they cannot be admitted. And if they are so far detached from the occurrence as to admit of deliberate design and be the product of a calculating policy on the part of the actors, then they cannot be regarded as part of the *res gestœ*.

Now in this case, between the time of the accident and the declarations of pain plaintiff had walked in a direction opposite to her home to the street car barns and listened to the conversation which her sister had with the superintendent; then she walked up State street several blocks along which cars were passing every few minutes to " the four corners " where she took a car to Hubbell Park, and then walked two blocks home. Certainly it cannot be asserted that this conversation was an incident of the injury in the sense that it emanated immediately from it, or that it stood in any immediate casual relation to the act of falling and its first effect, or that it was not so far separated from the occurrence as to admit of the formation of a plan to strengthen plaintiff's case against the defendant.

The contention of the respondent that the evidence could not have harmed the defendant, and therefore a reversal need not be had, in any event cannot be sustained. On the trial the defendant attempted to show by the testimony of physicians that the plaintiff was not injured to the extent, if all, asserted by her. Physicians who had made a personal examination of the plaintiff testified that they could not discover any other than very slight evidences of injury. One of them, indeed, characterizing the plaintiff as a malingerer.

With such an issue before them, it certainly cannot be

said that the jury in reaching. a conclusion favorable to the contention of the plaintiff did not attach some importance to the testimony of the witness who related what plaintiff had declared with reference to her pain and its location prior to the commencement of the action.

The judgment should be reversed.

Judgment reversed and new trial granted, with costs to abide event.

All concur.