FRANCISCO WOOD, Respondent, v. THE TOWN OF GILBOA, Appellant.

*Defective highway — absence of railings — negligence of the town — proximate cause of a personal injury — statements by a plaintiff as to his injury — exclamations of pain.*

The question whether a town is or is not negligent, in failing to erect suitable railings along the side of a highway in dangerous places, is one of fact for the jury.

The action of town highway commissioners, in failing to erect barriers along a highway in dangerous places, is not of a judicial character.

The fact that a highway, a defect in which has caused an accident, forming the basis of an action to recover damages from the town, had been in the same condition for a long time, and that no previous accident had occurred, will not relieve the town of the charge of negligence.

In such an action a verdict of the jury, upon conflicting evidence, establishing the negligence of the town officers in omitting to erect barriers at the place where the accident occurred, cannot properly be disturbed by the General Term.

Where there is a defect in a highway, one whose horse became frightened, ran away, and became uncontrollable, may recover damages from the town although the conduct of the horse was a proximate cause of the injury complained of, if the negligence of the officers of the town was another proximate cause of such injury.

The admission in evidence, on behalf of the plaintiff in an action brought to recover damages for a personal injury, of statements of the plaintiff as to his condition, made after the accident, if not competent as being mere exclamations of pain, is a harmless error when it appears that the condition of the plaintiff after the accident, and his pain and suffering, were clearly proved by other witnesses, who were not contradicted.

76   175
82   417
76   175
5ap581
76   175
41ap   8
76h  175
f55ad112
76h  175
59ad367

APPEAL by the defendant, The Town of Gilboa, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Schoharie county on the 14th day of October, 1892, upon a verdict rendered at the Schoharie Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages resulting from injuries to plaintiff, his horse and wagon, by reason of their falling down a steep embankment of a dug-way road in the village of Gilboa, through the alleged fault and negligence of the commissioners of highways of the town of Gilboa in not keeping said road in proper condition' by the erection of some suitable railing or protection thereon.

*C. L. Andrus,* for the appellant.

*Hobert Krum,* for the respondent.

PUTNAM, J. :

Questions similar to those presented in this action have been so often passed upon that an opinion seems unnecessary.

The case of *Maxim* v. *The Town of Champion* (50 Hun, 88 ; 119 N. Y. 626) and many other authorities which might be cited, have established the doctrine that it is a question of fact for a jury whether a town, is or is not negligent, in failing to erect suitable railings along the side of a highway in dangerous places. That question was fairly and properly submitted to the jury in this case, and the verdict establishing the negligence of defendant cannot be disturbed. In *Maxim* v. *The Town of Champion* it was also held that the action of the highway commissioners in failing to erect barriers in such a case was not of a judicial character ; and, also, the fact that the highway had been in the same condition for a long period, and that no previous accident had occurred, although proper evidence in the case, did not relieve the town of the charge of negligence.

Hence, the verdict of the jury upon conflicting evidence establishing the negligence of the town officers in omitting to erect barriers at the place in question cannot be properly disturbed by us.

Appellant urges that the plaintiff was guilty of contributory negligence in driving a horse which he knew to be vicious and unmanageable. There was evidence in the case, however, from which the jury

could infer that the horse was no more vicious and unmanageable than colts usually are. The question of fact in this regard was submitted to the jury by the court without objection by defendant, and the finding of the jury is conclusive.

The defendant also insists that the accident, being the result of two causes, one the defective condition of the highway, and the other the conduct of plaintiff's horse, and the evidence not showing which cause produced the injury, the plaintiff must fail under principles settled in *Taylor* v. *The City of Yonkers* (105 N. Y. 202) and kindred cases. We think this case is more like *Ring* v. *City of Cohoes* (77 N. Y. 83); *Kennedy* v. *Mayor* (73 id. 365); and *Ivory* v. *The Town of Deerpark* (116 id. 477). These latter authorities held that where there was a defect in a highway, one whose horse became frightened, ran away and became uncontrollable, could recover, although the conduct of the horse was a proximate cause of the injury, if the negligence of the officers of the town was another proximate cause of such injury.

If the highway was in the same condition as it was at the time of the accident for many years prior thereto notice of its unsafe condition to the officers of the town is presumed.

We have examined the exceptions taken on the trial to the rulings of the court, and think that none of them require a reversal of the judgment. The statements of the plaintiff after the accident (which defendant insists were erroneously received in evidence), as proved by witness Croswell and others, we think, should be deemed mere exclamations of pain. They were made while his attendants were turning him over or touching him, and, we think, not incompetent under the cases. (*Roche* v. *B., C. & N. R. R. Co.*, 105 N. Y. 294–297; *Hagenlocher* v. *C. I. & B. R. R. Co.*, 99 id. 136.)

An examination of the testimony given on the trial, however, shows that if the above evidence was improperly received it did no harm, as the condition of plaintiff after the accident, and his pain and suffering, was clearly proved by other witnesses who were not contradicted.

The judgment should be affirmed, with costs.

MAYHAM, P. J., concurred; HERRICK, J., dissented.

Judgment affirmed, with costs.