ANNA E. GRANT, an Infant, by ADA L. GRANT, Guardian ad Litem, Respondent, *v.* THE VILLAGE OF GROTON, Appellant.

*Damages for personal injuries — evidence of plaintiff's declarations as to headache — non-expert evidence.*

In an action brought to recover damages for personal injuries, alleged to have been sustained by reason of the negligence of a village, it is an error to receive in evidence declarations of the plaintiff as to headache, made several months after the occurrence of the accident, and to permit non-expert witnesses to testify as to the mental condition and impaired memory of the plaintiff after the accident.

APPEAL by the defendant, The Village of Groton, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the 6th day of November, 1893, upon the verdict of a jury rendered after a trial at the Tompkins Circuit, and also from an order entered in said clerk's office on the 24th day of October, 1893, denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff because of the negligence of the defendant in the maintenance of its streets.

*G. M. Stoddard,* for the appellant.

*Smith & Dickinson,* for the respondent.

PER CURIAM:

In the course of the charge the trial judge submitted to the jury the question whether it was a negligent act, or a prudent act, or an imprudent act and a negligent act on the part of the commissioner to omit to put up a warning or guards at the end of the sidewalk to keep people from walking off from the sidewalk and on to the bridge which was in that defective condition. He added: "If you say it was an imprudent act, it was a negligent act, why then the village is responsible for the negligent act of the commissioner of highways, for it was his business to keep those roads in safety. He was acting for the village in that respect." And again he charged: "But it was his business to take care that the sidewalks were not

permitted to be left open to this hole." An exception was taken to the charge as thus given. No such negligence was alleged in the complaint, and it is at least questionable whether the plaintiff should have been permitted to recover upon the ground so stated in the charge.

We think it was error to receive the declarations of the plaintiff as to headache made several months after the accident occurred. (*Roche* v. *R. R. Co.*, 105 N. Y. 294.)

Non-expert witnesses were improperly permitted to testify as to the mental condition and impaired memory of the plaintiff after the accident occurred.

We grant a new trial upon the exceptions.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment and order reversed on the exceptions, and a new trial ordered, with costs to abide the event.