### GRANT v. VILLAGE OF GROTON.

(Supreme Court, General Term, Fourth Department.    May 18, 1894.)

DAMAGES—PERSONAL INJURIES—DECLARATIONS AFTER ACCIDENT.

In an action for personal injuries, declarations of plaintiff, made several months after the accident, as to his suffering, are not admissible.

Appeal from circuit court, Tompkins county.

Action by Anna E. Grant, by Ida L. Grant, guardian ad litem, against the village of Groton, for personal injuries. There was a judgment in favor of plaintiff for $1,650 damages and $114.55 costs, and defendant appeals.    Reversed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

G. M. Stoddard, for appellant.

Smith & Dickinson, for respondent.

PER CURIAM.    In the course of the charge the trial judge submitted to the jury the question whether it was a negligent act or a prudent act or an imprudent act and a negligent act on the part of the commissioner to omit to put up a warning or guards at the end of the sidewalk to keep people from walking off from the sidewalk and onto the bridge that was in that defective condition.    He added: "If you say it was an imprudent act, it was a negligent act, why, then the village is responsible for the negligent act of the commissioner of highways; for it was his business to keep those roads in safety.    He was acting for the village in that respect."    And again he charged:    "But it was his business to take care that the sidewalks were not permitted to be left open to this hole."    An exception was taken to the charge as thus given.    No such negligence was alleged in the complaint, and it is at least questionable whether the plaintiff should have been permitted to recover upon the ground so stated in the charge.    We think it was error to receive the declarations of the plaintiff as to headache, made several months after the accident occurred.    Roche v. Railroad Co., 105 N. Y. 294, 11 N. E. 630.    Nonexpert witnesses were improperly permitted to testify as to mental condition and impaired memory of the plaintiff after the accident occurred.    We grant a new trial upon the exceptions.