such cases, in cases like the present one where the contract is broken while it is being performed by the parties, the cause of action for the breach which arises at once is the only cause of action which accrues. That the contract is not yet completed is no reason for postponing the commencement of the action to the time when it would be completed if carried out, and reckoning the running of the statute of limitations from that time. The plaintiff here was not at liberty to continue to treat the contract as in life until the decedent's death. He had not the legal right to require or demand that she leave a will giving him all of her property notwithstanding that she had not received the consideration agreed upon therefor; nor that she provide in her will for a fair compensation to him (which he is now suing for) for the amount of board and lodging which she had received from him, for she had not agreed to do that. His only right was to demand of her the damage she became liable to him for by her refusal to go on with the contract; and that he places in this action at the value of the board and lodging he furnished to her.

The case of Quackenbush v. Ehle, 5 Barb. 469, is cited as contrary to the foregoing, but it is seriously questioned as authority in the Bonesteel Case, supra, and also by a learned text writer. Wood, Lim. Act. § 120. Besides, when you examine that case you find that another action had been brought by the plaintiff during the lifetime of his father, the promisor, for the value of his services, and decided against him on the ground that it was prematurely brought, i. e. before the father's death. The judgment roll of the prior action was received in evidence, and constituted the law of the case whether the prior judgment was right or wrong. Marcellus v. Countryman, 65 Barb. 201; Railroad Co. v. Howard, 13 How. 307, 14 L. Ed. 157.

The motion to dismiss is granted.

---

## WEBB v. YONKERS R. CO.

(Supreme Court, Appellate Division, Second Department. May 8, 1900.)

1. TRIAL—INJURY—DAMAGES—MENTAL WORRY.

Where, in an action for injuries, plaintiff had testified as to her injuries, it was proper to allow her to state she worried a good deal about her condition, since worry is an element of mental suffering, and such suffering cannot be excluded in estimating the extent of injury for which compensation is to be awarded.

2. SAME—TESTIMONY—APPEARANCE.

In an action for injuries it was proper to allow a witness to state that plaintiff, after the accident, acted differently than before, and that she was nervous and not feeling well.

3. SAME—WITNESS—UNRESPONSIVE ANSWER.

Where a witness' answer to a question was admissible in part and in part not responsive, it was not error to overrule a motion to strike the whole answer.

Appeal from trial term.

Action by Etta Webb against the Yonkers Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John F. Brennan, for appellant.
I. J. Beaudrias, for respondent.

WOODWARD, J. The attention of this court is directed to various exceptions taken upon the trial, but these are either not properly before the court, or they do not represent reversible error.

The first of these arises upon an objection to the question asked of the plaintiff in reference to her condition after the accident complained of. She had testified to the accident, and, being asked: "Just what happened to you in the way of injury? Didn't break any bones, did you?"—the witness replied: "No, sir; I didn't break any bones. I fell violently on my side. My whole side was badly bruised, and also my hip. Of all the injury, that was the most severest injury I had. It pained and ached me continually all along. It pains me even until now. I never got any relief." She was then asked: "You also worry considerable over it?" To this an objection was interposed that it was immaterial, irrelevant, and incompetent. The objection was overruled, and an exception taken by the defendant. The rule is well established that when the injury to an intelligent being, caused either by willfulness or by negligence, produces mental as well as bodily anguish and suffering, independently of any extraneous consideration or cause, it is impossible to exclude the mental suffering in estimating the extent of the personal injury for which compensation is to be awarded. Kennon v. Gilmer, 131 U. S. 22, 26, 9 Sup. Ct. 696, 33 L. Ed. 110; Ransom v. Railroad Co., 15 N. Y. 415. Worry is an element of mental suffering, and it was therefore competent in the connection in which the question was asked.

The husband, who was away from home at the time of the accident, and who returned some weeks afterwards, testified without objection: "When I came back, and found my wife, she was complaining in general. She was complaining with her side, and her head was affected a good deal." He was then asked: "Did she act anything different from what she did formerly?" This was objected to as "immaterial and irrelevant, the conversation between this witness and the plaintiff being had four weeks after the time of the accident." The objection was overruled, and defendant excepted. No answer was made to this question, and plaintiff's counsel asked: "Now, how did she act?" To this defendant made a general objection, which was overruled, and an exception taken. Witness answered: "She acted different in every way, of course. She was very nervous. She was not feeling well." There was no motion to strike out any part of this answer, and we find no authorities which hold that the acts of persons may not be proved. "Evidence," say the court in Hagenlocher v. Railroad Co., 99 N. Y. 136, 1 N. E. 536, "may be given that a person appeared to be in great agony; was emaciated; looked haggard and feeble; and why not that he screamed with pain?" To the same effect, see Roche v. Railroad Co., 105 N. Y. 294, 11 N. E. 630.

The plaintiff's attending physician was asked: "This neurasthenia that you find the plaintiff is suffering from may be a perma-

nent condition, may it not, doctor?" A general objection was made to this question, and was overruled, when the witness answered: "A recovery in these cases is possible where the person can meet the indication of it successfully.    It involves considerable expense." Defendant's counsel moved to strike the answer out, which motion was denied, and an exception taken.    The rule is well established in this state that where there is a general objection to evidence, and it is overruled, and the evidence is received, the ruling will not be held erroneous unless there be some ground which could not have been obviated if it had been specified, or unless the evidence in its essential nature be incompetent.    Tooley v. Bacon, 70 N. Y. 34, 37, and authorities there cited.    On the merits, however, we are of opinion that under the rule laid down in Griswold v. Railroad Co., 115 N. Y. 61, 63, 21 N. E. 726, the question was competent, though it is possible that, had defendant moved to strike out that portion of the answer which was not responsive to the question, it would have been entitled to have it eliminated.    The motion to strike out the answer asked for more than the defendant was entitled to, and, having failed to call the attention of the court to that portion of the answer which was not responsive to the question, at a time when the matter might have been corrected, it is too late now to urge the objection.

The judgment appealed from should be affirmed, with costs.    All concur.