Upon a careful review of the whole case, it seems to us that the testimony of the plaintiffs themselves preclude a recovery by them as brokers, while, under the pleadings, the plaintiffs cannot maintain the action as middlemen.

·The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

---

### DONOHUE v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department.   July 9, 1900.)

1. NEGLIGENCE—PERSONAL INJURIES—SUBSEQUENT DECLARATIONS—ADMISSIBIL-
ITY.
     In an action against a street-railroad company for personal injuries, the
     question to plaintiff's sister, "Has your sister complained of pains in her
     head from the time of the accident to the present day?" was inadmissible,
     since it called for declarations made subsequent to the injury.

2. EVIDENCE—GENERAL OBJECTION—SUFFICIENCY.
     Where a question was not admissible no matter in what form it might
     have been recast, a general objection to its admission was sufficient, with-
     out stating the specific ground of the objection.

Appeal from trial term, Kings county.

Action by Emma Donohue against the Brooklyn, Queens County & Suburban Railroad Company.   From a judgment in favor of plaintiff and from an order denying a new trial, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Charles C. Clark, for appellant.
S. D. Morris, for respondent.

JENKS, J.   The action is negligence.   The plaintiff recovered $1,136 for bodily injuries, and for "injuries to her head and limbs." She called her sister as a witness.   The record shows that counsel for plaintiff put this question:   "Has your sister continued to complain of pains in her head ever since the accident up to the present day? (Objected to.   Objection overruled.   Defendant excepts.)   A.  Yes, sir."   The question was plainly objectionable, for it called for declarations of a party made subsequent to the injury.   Roche v. Railroad Co., 105 N. Y. 294, 11 N. E. 630;   Reed v. Railroad Co., 45 N. Y. 574; Olp v. Gardner, 48 Hun, 169;   Ryan v. Manufacturing Co., 57 Hun, 253, 10 N. Y. Supp. 774.

There is no force in the respondent's contention that the general objection was insufficient, for if it had been taken, or had been recast in specific terms, there was no way in which the question could have been made admissible.   Tozer v. Railroad Co., 105 N. Y. 659, 11 N. E. 846; ·Silberstein v. Railroad Co., 117 N. Y. 293, 22 N. E. 951;   Tooley v. Bacon, 70 N. Y. 34.

The claim for damages was largely based upon pains in the head and upon mental distress.   After the plaintiff. none was called as a

witness save the sister, and the attending physician, whose visits were few. It cannot be assumed that the evidence admitted was harmless.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.