Donald RAYMO and Barbara Raymo, Plaintiffs,

v.

TEXTRON, INC., Avco Corporation, · A Subsidiary of Textron, Inc., Avco New Idea Farm Equipment Division, New Idea Farm Equipment Co., Div. of Avco Distribution Corp., Defendants.

TEXTRON, INC., Avco Corporation, A Subsidiary of Textron, Inc., Avco New Idea Farm Equipment Division, New Idea Farm Equipment Co., Div. of Avco Distribution Corp., Third–Party Plaintiffs,

v.

TIMERMAN FARMS, INC., Third–Party Defendant.

No. 88–CV–260.

United States District Court, N.D. New York.

March 3, 1994.

204

Raymond C. Green, The State Insur. Fund, New York, NY, Kenneth A. Patricia, David C. Quinn, Quinn, McGarry Law Firm, Buffalo, NY, for third-party defendant.

Robert B. Nichols, Philipp L. Rimmler, Office of Paul William Beltz, Buffalo, NY, Thomas M. Carnrike, Office of Thomas M. Carnrike, Syracuse, NY, for plaintiffs.

Leighton R. Burns, Kernan, Kernan Law Firm, Utica, NY, for defendants.

## MEMORANDUM—DECISION—ORDER.

McAVOY, Chief Judge.

Presently before the court is a post trial motion by the plaintiffs Donald and Barbara Raymo (hereinafter "Raymo"). Within their motion, the plaintiffs request entry of a judgment as a matter of law against the defendants on the issue of liability. In the alternative, the plaintiffs seek a new trial on the basis that: 1) the jury was improperly charged; 2) the court improperly excluded important evidence; and 3) the jury's verdict was the product of improper "outside influences". The court will address these issues seriatim.

## I. Motion for judgment as a matter of law.

The plaintiffs have moved pursuant to Fed. R.Civ.P. 50 and 59 for a judgment as a matter of law, or in the alternative for a new trial. Rule 50 of the Federal Rules of Civil Procedure provides in pertinent part:

(a) **Judgment as a Matter of Law.**

(1) If during a trial by jury a party has been fully heard with respect to an issue and there is no legally sufficient evidentia-

ry basis for a reasonable jury to have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against that party on any claim, counterclaim, cross-claim, or third party claim that cannot under the controlling law be maintained without a favorable finding on that issue.

(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

**(b) Renewal of Motion for Judgment After Trial; Alternative Motion for New Trial.** Whenever a motion for a judgment as a matter of law made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Such a motion may be renewed by service and filing not later than 10 days after entry of judgment. A motion for a new trial under Rule 59 may be joined with a renewal of the motion for judgment as a matter of law, or a new trial may be requested in the alternative. If a verdict was returned, the court may, in disposing of the renewed motion, allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as a matter of law.

**Fed.R.Civ.P. 50.**

■ The standard for granting a motion for judgment as a matter of law pursuant to Rule 50(b) is whether "the evidence, viewed in the light most favorable to the non-movants without, considering credibility or weight, reasonably permits only a conclusion in the movants favor." *King v. Macri,* 800 F.Supp. 1157 (S.D.N.Y.1992) (quoting *Jund v. Town of Hempstead,* 941 F.2d 1271, 1290 (2d Cir.1991)); *See also Oakley v. Consolidated Rail Corporation,* 1992 WL 198087, 1992 U.S.Dist. LEXIS 12142, (N.D.N.Y. 1992); *Jones v. Lederle Laboratories, Div. of American Cyanamid Co.,* 785 F.Supp. 1123, 1125 (E.D.N.Y.1992). "Judgment as a matter of law is reserved for those rare occasions when there is 'such complete absence of evi-

dence supporting the verdict that the jury's finding could only have been the result of sheer surmise and conjecture' or the evidence must be so overwhelming that reasonable and fair minded persons could only have reached the opposite result." *King v. Macri, supra* at 1160 (quoting *Sorlucco v. New York City Police Department,* 971 F.2d 864, 871 (2d Cir.1992)).

■ Procedurally, in order to bring a Fed. R.Civ.P. 50(b) motion post-trial, "[t]he moving party must have sought judgment as a matter of law in accordance with subsection (a)(2) *before the case was submitted to the jury*" and must thereafter renew the same under 50(b) by filing a motion "within ten days after entry of the judgment on the jury's verdict." *Oakley v. Consolidated Rail Corporation, supra* (emphasis added); *see also Dixon v. Aragona,* 1992 WL 107360, 1992 U.S.Dist. LEXIS 6735 (N.D.N.Y.1992).

■ The plaintiffs support for their Rule 50(b) motion is grounded in their belief that the evidence presented at trial could lead a reasonable juror to no other conclusion except that the defendant manufacturer was liable. More specifically, it is the plaintiff's contention that defendant New Idea was negligent in the design and/or assembly of the manure spreader and that the manure spreader was not fit for its intended use when it left New Idea's hands. The court disagrees and denies the motion on its merits.

Given the pertinent standards addressed above, this court finds that the plaintiffs have not shown that the verdict is the result of surmise or emotion, or that it constitutes a miscarriage of justice. Rather, the court finds that the jury's determination as a whole was justifiable in light of the evidence presented at trial. Accordingly, the plaintiffs' motion for judgement as a matter of law is denied.

## II. Motion for a new trial.

As stated previously, the plaintiffs have also made a motion for a new trial pursuant to Fed.R.Civ.P. 59. Rule 59 provides in pertinent part:

**(a) Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; ...

**(b) Time for Motion.** A motion for a new trial shall be served not later than 10 days after the entry of the judgment.

**Fed.R.Civ.P. 59.**

■ A less stringent standard applies to a motion for a new trial than to a motion for judgment as a matter of law. *King v. Macri, supra,* 800 F.Supp. at 1160 (quoting *Katara v. D.E. Jones Commodities, Inc.,* 835 F.2d 966, 970 (2d Cir.1987)). The district court's grant of a new trial motion is usually warranted only if it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice. *Sorlucco, supra,* 971 F.2d at 875 (quoting *Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d 363, 370 (2d Cir.1988)); *see Oakley v. Consolidated Rail Corp., supra,* 1992 WL 198087 *4, 10. Like a motion under Fed.R.Civ.P. 50(b), a motion under Fed.R.Civ.P. 59 must be made "not later than 10 days after the entry of the judgment." Fed.R.Civ.P. 59(b).

In the case at bar, the plaintiffs seek a new trial on the basis that: 1) the jury was improperly charged; 2) the court improperly excluded important evidence; and 3) the jury's verdict was the product of improper "outside influences".

## A. Improper jury instruction.

■ It is the plaintiffs contention that a new trial should be ordered because the jury was improperly charged with respect to the law which governed the action. More specifically, the plaintiffs argue that the Court's charge pursuant to Pattern Jury Instruction 2:12 on "Foreseeability—Long Continued Use Without Accident" constituted reversible error. The plaintiffs contend that the charge should not have included instructions regarding long continued use without an accident because the defendants were aware of a prior similar accident involving a manure spreader of the type involved in the case at bar. It is the plaintiffs' contention that such knowledge precludes the issuance of such a charge. This court does not agree.

The previous accident referred to by the plaintiffs involved a small girl who had no knowledge about the use or operation of a manure spreader. In the case at bar, the victim admitted that he had extensive knowledge about the manure spreader in question and that he had been working with manure spreaders since 1955. Clearly the difference in knowledge of the victims differentiates the two accidents sufficiently to allow the jury to be charged regarding inferences that may be drawn from long continued use without an accident.

■ The plaintiffs also aver that the Court committed an error when it instructed the jury that if the jury found there were no prior accidents with this manure spreader, their verdict *must* be for the defendants. It is clear from a review of New York case law that the plaintiffs are correct in their contention that long continued use of a machine without accident does not negate the finding of negligence as a matter of law. *See, generally, Wood v. Gilboa,* 76 Hun 175, 27 N.Y.S. 586 (1894), *aff'd, Wood v. Gilboa,* 146 N.Y. 383, 42 N.E. 544 (1895).

However, in presenting this case for appeal the plaintiffs have failed to present a transcript of the actual charge. Based upon the court's own informal documents, it appears that the court charged the jury that:

> If you find that the [manure spreader] had been in use for approximately 15 years, and that its condition during such use was substantially the same as on the date of the accident and that during such use there was no other accident, *you may find, although you are not required to find* that danger was not reasonably to be anticipated and your verdict must be for the defendant.

Accordingly, because the moving party has not furnished the Court with the appropriate records needed to review this issue, and because the Court's own records indicate that the proper charge was given, the plaintiffs' motion for a new trial on this basis is denied.

## B. Improper Exclusion of Evidence.

█ In addition to challenging the Court's jury instructions, the plaintiffs have also asked for a new trial on the grounds that the court improperly excluded relevant evidence. The evidence in question concerns the presence of a four and a half inch gap between the shaft and the side of the machine. It is the plaintiffs' contention that all evidence of this gap was excluded by this court as being irrelevant. However, after further review, it appears that the court did in fact allow a tremendous amount of testimony regarding this alleged gap. The evidence the court did exclude was pertaining to an alleged gap between the side shaft *shield* and the side of the manure spreader. Such evidence was prohibited because it was undisputed that at all times the spreader was in possession of, or used by, the plaintiff as well as at the time of the accident the shield was missing. Thus, evidence of a gap between the shield and the machine was immaterial because such a gap did not exist and could not have been the proximate cause of the plaintiff's injuries. Accordingly, the court finds this argument without merit and denies the plaintiffs' request for a new trial on this ground.

## C. Improper influence on the Jury's Verdict.

Lastly, the plaintiffs contend that the jury discussed matters outside of the scope the evidence admitted at trial and that such discussions severely prejudiced the plaintiffs. In support of this contention the plaintiffs have submitted affidavits from two jurors which articulate that during deliberations the jury expressed concern that the plaintiff was already receiving payments through workers compensation and that a verdict for the plaintiff would allow him to be recover twice for the same injuries. Additionally, the jurors admitted that they consulted a brochure concerning the manure spreader and found that it set a warranty for parts and workmanship for a period of one year. Thus, they concluded that the manufacturer could not be sued for the plaintiff's injuries. Because of these concerns, the plaintiffs have moved for a new trial.

█ It is well settled that courts are very reluctant to perform a post verdict inquiry into jurors' motives for a decision. *See, United States v. Dioguardi,* 492 F.2d 70 (2d Cir.1974), *King v. United States,* 576 F.2d 432, 438 (2d Cir.1978). The public policy from which this reluctance emanates provides that jurors themselves ought not be subjected to harassment; the courts ought not be burdened with large numbers of applicants, mostly without merit; the chances and temptations of tampering ought not be increased; and verdict ought not be made so uncertain. *See, Dioguardi supra; Miller v. United States,* 403 F.2d 77 (2d Cir.1968). Juror testimony is admissible to show that the verdict delivered was not that actually agreed upon. The permissibility of juror testimony hinges upon the purpose for which it is offered. Where the court seeks to correct the mistaken transmission of the verdict from the jury, evidence may be received. *Attridge v. Cencorp. Div. of Dover Tech. Intern.,* 836 F.2d 113, 116, 117 (2d Cir.1987). However, where the moving party seeks to impeach a verdict based upon the jury's motives or reasons for arriving at a particular verdict, that party must establish "clear, strong and incontrovertible evidence" of a quality required to establish grounds for disturbing the jury verdict. *King, supra.* One exception to this strict rule is when evidence has been offered that the jury's deliberations were influenced by *improper outside* influences. For example, a juror's affidavit may be used, or the juror may testify, to show an unauthorized visit by several jurors to a scene where a material facts occurred; to show concealment of facts by a juror on the voir dire; to establish misconduct of the officer in charge of the jury; or to show that the verdict has been erroneously reported to the Court. *See,* Richardson on Evidence, 10th ed., § 407 at pp. 399–400 and the cases cited therein.

█ In the case at bar, the plaintiffs do not contend that there exists a mistaken transmission of the verdict, but instead contend that the jury deliberated on matters outside the scope of the evidence admitted at trial. However, the evidence presented by the plaintiffs is not of sufficient character to warrant a new trial. Nothing within the two

affidavits indicates that the jurors were influenced by forces or information not introduced into evidence at trial. The brochure mentioned by the jurors was in fact admitted into evidence and therefore properly considered by the jury. Accordingly, the plaintiffs have failed to establish clear, strong and incontrovertible evidence to warrant an impeachment of the jury's verdict and therefore, the plaintiffs' motion for new trial on the grounds that the jury was improperly influenced by outside factors is denied.

In sum, it is hereby

**ORDERED** that the plaintiffs' motion for judgment as a matter of law against the defendants on the issue of liability is denied. Additionally, it is

**ORDERED** that the plaintiffs' motion for a new trial is also denied.