89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Donald RAYMO and Barbara Raymo, Plaintiffs-Appellants,
v.
TEXTRON, INC., AVCO Corporation, a subsidiary of Textron
Inc., AVCO New Idea Farm Equipment Co., Division
of AVCO Distribution Corporation,
Defendants-Appellees,
v.
TIMERMAN FARMS, INC., Third-Party Defendant.
 No. 94-7355.
 United States Court of Appeals, Second Circuit.
 Nov. 14, 1995.
 
 Appeal from the United States District Court for the Northern District of New York (McAvoy, C.J.).
 For plaintiffs-appellants: Philipp L. Rimmler, Paul William Beltz, P.C., Buffalo, New York.
 For defendants-appellees: Leighton R. Burns, Kernan & Kernan, P.C., Utica, New York.
 For third-party defendant: Kenneth A. Patricia, Quinn, McGarry & Caffery, P.C., Buffalo, New York.
 N.D.N.Y.
 AFFIRMED.
 Before J. EDWARD LUMBARD, FRANK X. ALTIMARI and JOSEPH M. McLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 Donald and Barbara Raymo appeal from a judgment entered in the United States District Court for the Northern District of New York (Thomas J. McAvoy, Chief Judge ) dismissing their products liability claims against the defendants following a jury trial. The suit stemmed from severe injuries Donald Raymo suffered when his arms became entangled between a manure spreader's exposed, rotating power takeoff shaft and the side of the manure spreader itself. The jury returned a verdict for the defendants, finding that they had not negligently designed, assembled, or failed to warn of certain risks of operating the manure spreader, and that they had not breached the manure spreader's implied warranty of merchantability.
 
 
 4
 On appeal, the Raymos argue that the district court erred by: (1) charging the jury that it could consider the lack of accidents involving the manure spreader when determining whether Raymo's accident was foreseeable; (2) denying their motion for judgment as a matter of law or, alternatively, a new trial; (3) denying their motion for a new trial because of "outside influences" on the jury during deliberation; and (4) denying their motion for a mistrial because they were unfairly surprised when a defense witness disclosed during trial the identity of the dealer who had sold the manure spreader. None of these arguments persuades us.
 
 
 5
 First, the "no prior accidents" charge was drawn virtually verbatim from the New York Pattern Jury Instruction on foreseeability as it then read. Although this charge is customarily given in negligence cases involving defectively designed premises, none of the parties has cited, nor have we unearthed, a single reported New York decision regarding the propriety of this charge in a products liability case. We therefore decline to set aside the verdict on this ground.
 
 
 6
 Second, viewing the evidence in the light most favorable to the defendants, see Piesco v. Koch, 12 F.3d 332, 343 (2d Cir.1993), a juror could reasonably conclude that the manure spreader's design was sufficiently safe, that someone other than the defendants had the duty of assembling the manure spreader, that the danger of an exposed, rotating power takeoff shaft was obvious, and that the manure spreader was fit for its intended purpose.
 
 
 7
 Third, the juror misconduct allegation is meritless, for substantially the reasons stated by the district court in its decision denying the Raymos' post-trial motion for a new trial. Raymo v. Textron, Inc., 846 F.Supp. 203, 207-08 (N.D.N.Y.1994). We add only that federal courts have refused to grant new trials on the basis of juror affidavits revealing speculation about the plaintiff's insurance coverage. See, e.g., Holden v. Porter, 405 F.2d 878, 879 (10th Cir.1969) (per curiam).
 
 
 8
 Finally, given counsel's rejection of the district court's offer of a continuance to depose the dealer after the mid-trial revelation of the dealer's identity, the prejudicial surprise contention is unpersuasive.
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.